NEAL A. POTISCHMAN
  neal.potischman@davispolk.com
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-3621

DANA M. SESHENS
  dana.seshens@davispolk.com
  (*pro hac vice* application forthcoming)
DANIEL J. SCHWARTZ
  daniel.schwartz@davispolk.com
  (*pro hac vice* application forthcoming)
ADAM M. GREENE
  adam.greene@davispolk.com
  (*pro hac vice* application forthcoming)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5855

Attorneys for Defendants
UNIVERSAL TELEVISION, LLC,
JAMES FALLON, and ELECTRIC HOT DOG, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ADONIS REAL and ADAM TITCHER, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>YUGA LABS, INC., et al.,<br><br>        Defendants. | Case No. 2:22-cv-08909-FMO-PLA<br><br>**STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT AND STAY DISCOVERY OBLIGATIONS**<br><br>Dept:     Courtroom 6D<br>Judge:   Hon. Fernando M. Olguin<br><br>Complaint Served: December 13, 2022<br>Current Response Date: January 3, 2022 |

   Plaintiffs Adonis Real and Adam Titcher, individually and on behalf of all others similarly situated, and Defendants Universal Television, LLC, James Fallon, and Electric Hot Dog, Inc.("EHD") (collectively, the "Universal Defendants"), by and through their respective counsel, hereby stipulate and apply for an Order extending the Universal Defendants' time to respond to the complaint and staying discovery obligations.

   WHEREAS, on December 8, 2022, Plaintiffs filed a putative class-action complaint in the above-captioned action (the "Initial Complaint," ECF No. 1) asserting, *inter alia*, claims pursuant to §§ 5, 12(a)(1), and 15 of the Securities Act of 1933 (the "Securities Act") and §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act");

   WHEREAS, on December 13, 2022, Plaintiffs served the Initial Complaint on Defendant Universal Television, LLC;

   WHEREAS, the current deadline for Defendant Universal Television, LLC to respond to the Initial Complaint is January 3, 2023;

   WHEREAS, the Court has not yet entered a Scheduling Order;

   WHEREAS, the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §§ 77z-1 & 78u-4, provides (i) that plaintiffs bringing class action claims under the Securities Act or Exchange Act must publish a notice advising members of the putative class of the pendency of the action and (ii) that any member of the putative class may move the Court to serve as lead plaintiff of the putative class within 60 days after the notice is published, and further provides a procedure for the appointment by the Court of lead plaintiff(s) and lead counsel to represent the putative class;

   WHEREAS, Plaintiffs published a notice advising members of the putative class of the pendency of the action on December 9, 2022;

   WHEREAS, by February 7, 2023, i.e., not later than sixty days after Plaintiffs provided public notice of the filing of the Initial Complaint, Plaintiffs or

other members of the putative class may move this Court to serve as lead plaintiff;

WHEREAS, Plaintiffs and the Universal Defendants anticipate that after the Court appoints a lead plaintiff, such lead plaintiff will likely file an amended complaint, which would supersede the Initial Complaint as the operative pleading in the action;

WHEREAS, the PSLRA provides for an automatic stay of discovery in this action during the pendency of any motion to dismiss, 15 U.S.C. §§ 77z-1(b)(1) & 78u-4(b)(3)(B);

WHEREAS, in the interests of judicial economy, efficiency, and conservation of Court and party resources, counsel for Plaintiffs and counsel for the Universal Defendants believe that a motion to dismiss, answer or other response to the Initial Complaint would be premature prior to the entry of an Order by the Court pursuant to the PSLRA appointing one or more lead plaintiffs and lead counsel pursuant to 15 U.S.C. §§ 77z-1(a)(3)(B) & 78u-4(a)(3)(B) (the "Order");

WHEREA, there have been no prior extensions of time for the Universal Defendants to respond to the Initial Complaint;

WHEREAS, this stipulation is without prejudice to the parties' respective rights to seek further modifications to the schedule in the future;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, between the parties, subject to the Court's approval, that:

1. The undersigned counsel for Defendants Mr. Fallon and EHD are authorized to and hereby accept service of the summons and the Complaint in this action on their behalf, provided, however, that acceptance of service and entry into this stipulation shall not waive or prejudice any, and Defendants expressly preserve all, rights, claims, and defenses, including, but not limited to, all defenses relating to jurisdiction and venue, except a defense as to the sufficiency of service of the summons and complaint and the form of the summons.

2. The Universal Defendants shall have no obligation to answer or otherwise respond to, and each hereby is expressly relieved from answering or otherwise responding to, the Initial Complaint, subject to the provisions of paragraph 3 below.

3. Promptly after entry of the Order in this action (or in any consolidated action encompassing this action), counsel for the Universal Defendants and court-appointed lead counsel shall meet and confer regarding a schedule for (i) the filing of an operative complaint, (ii) any answer, motion to dismiss or other response thereto, and (iii) any subsequent briefing on such a motion to dismiss. Within fourteen (14) days after entry of the Order, the court-appointed lead plaintiff(s) and Universal Defendants shall jointly submit a proposed schedule to the Court.

4. Subject to the Court's approval, the scheduling of an initial pretrial conference pursuant to Fed. R. Civ. P. 16(b), the parties' obligations to serve initial disclosures pursuant to Fed. R. Civ. P. 26(a), and the parties' obligations to confer regarding case management and the development of a discovery plan and to submit a written report to the Court pursuant to Fed. R. Civ. P. 26(f), shall be stayed, *sine die*, pending the resolution of any motions to dismiss the amended and/or consolidated complaint (or the designated operative complaint) contemplated by paragraph 3 above.

5. The Universal Defendants have previously made no requests for an extension of time in this matter.

6. The schedule proposed herein is made in the interests of efficiently proceeding with this action, not to delay the proceedings, and will not prejudice any party.

7. Nothing in this stipulation shall prevent any party from moving to coordinate and/or consolidate this action with any related case, nor shall anything herein prevent any party from seeking additional time from the

other parties and/or the Court with respect to any of the deadlines set forth above.

IT IS FURTHER STIPULATED THAT nothing in this stipulation shall be deemed to constitute a waiver of any rights, objections, or defenses, that any party may have with respect to this action or to the claims asserted in the complaint, and is without prejudice to any other or further application by a party to this Court or any other court.

Dated:  January 4, 2023         DAVIS POLK & WARDWELL LLP

By: */s/ Neal A. Potischman*
NEAL A. POTISCHMAN
DANA M. SESHENS
DANIEL J. SCHWARTZ
ADAM M. GREENE

Attorneys for Defendants UNIVERSAL TELEVISION, LLC, JAMES FALLON, and ELECTRIC HOT DOG, INC.

Dated:  January 4, 2023         SCOTT+SCOTT ATTORNEYS AT LAW LLP

By: */s/ John T. Jasnoch*
JOHN T. JASNOCH

Attorneys for Plaintiffs ADONIS REAL and ADAM TITCHER, Individually and on Behalf of All Others Similarly Situated

Dated:  January 4, 2023         *I, Neal A. Potischman, attest that all other signatories, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.*

By: */s/ Neal A. Potischman*
NEAL A. POTISCHMAN