PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

ALEXANDER C. DRYLEWSKI (*pro hac vice* application pending)
alexander.drylewski@skadden.com
KYLE J. SCHWARTZ (*pro hac vice* application pending)
kyle.schwartz@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Defendants*
YUGA LABS, INC., WYLIE ARONOW, GREG SOLANO,
KEREM ATALAY, ZESHAN ALI, NICOLE MUNIZ,
JASMIN SHOEMAKER, PATRICK EHRLUND,
CHRISTOPHER LYONS and GUY OSEARY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADONIS REAL and ADAM TITCHER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>YUGA LABS, INC., et al.,<br><br>Defendants. | CASE NO.: 2:22-cv-08909-FMO-PLA<br><br>**DECLARATION OF PETER B. MORRISON IN SUPPORT OF JOINT STIPULATION AND [PROPOSED] ORDER EXTENDING TIME TO RESPOND TO COMPLAINT**<br><br>Judge: Hon. Fernando M. Olguin<br>Complaint Filed: December 8, 2022 |

DECLARATION OF PETER B. MORRISON IN SUPPORT OF JOINT STIPULATION AND
[PROPOSED] ORDER EXTENDING TIME TO RESPOND TO COMPLAINT

## DECLARATION OF PETER B. MORRISON

I, Peter B. Morrison, declare and state as follows:

1. I am an attorney admitted to practice before the courts of the State of California and have been admitted to this Court. I am a partner in the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, which is counsel of record for Defendants Yuga Labs, Inc., Wylie Aronow, Greg Solano, Kerem Atalay, Zeshan Ali, Nicole Muniz, Jasmin Shoemaker, Patrick Ehrlund, Christopher Lyons and Guy Oseary in the above-captioned matter. I submit this declaration in support of the Joint Stipulation and [Proposed] Order Extending Time to Respond to Complaint (the "Stipulation"). I make this declaration based on my own personal knowledge, and if called upon to do so, could and would testify competently thereto.[1]

2. On December 8, 2022, Plaintiffs filed the complaint in the above-captioned action ("Action"), a putative class action arising under, among other things, the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"), including the Private Securities Litigation Reform Act of 1995 ("PSLRA").

3. On December 9, 2022, Plaintiff caused to be published "in a widely circulated national business-oriented publication or wire service" the notice of this Action. 15 U.S.C. § 78u-4(a)(3)(A)(i).

4. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i)(II), any purported class member has 60 days from the date the notice was published to move the Court to serve as lead plaintiff on behalf of the putative class.

5. Before this litigation can proceed, the PSLRA states that the Court must (i) "consider any motion made by a purported class member" to be appointed the lead plaintiff for this action; (ii) appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately

---

[1] Capitalized terms used but not defined herein have the meanings assigned to them in the Stipulation.

representing the interests of class members," to manage the litigation on behalf of the putative class; and (iii) to consider whether to approve the lead plaintiff's selection of lead counsel to represent the putative class.  15 U.S.C. § 78u-4(a)(3)(B)(i), (iv).

6. It is common in securities class actions that, after being appointed lead plaintiff, the lead plaintiff will file an amended complaint.  Thus, as noted in the Manual for Complex Litigation, it is customary for courts to enter an order suspending the defendants' time to respond to the complaint until after the lead plaintiff appointment has occurred and an amended complaint has been filed.  *See* Ann. Manual Complex Lit. § 31.4 (4th ed.) ("Immediately after assignment of the litigation, the judge should consider entering an order suspending the time for all defendants to respond to the complaint in cases where a motion to consolidate is pending or a lead plaintiff has not been selected, as the initial complaint is likely to be amended.").  This process conserves judicial resources and avoids duplicative litigation by excusing the defendants from responding to a complaint that will ultimately be amended.

7. The parties agree that it will serve the interests of judicial economy and orderly management of the Action to set a briefing schedule with respect to any motion that any Stipulating Defendant may bring pursuant to Rule 12 of the Federal Rules of Civil Procedure after the filing of an amended complaint.

8. Defendants Yuga Labs, Inc., Wylie Aronow, Greg Solano, Kerem Atalay, Zeshan Ali, Nicole Muniz, Jasmin Shoemaker and Patrick Ehrlund have previously made no requests for an extension of time in this matter.  Pursuant to Local Rule 8-3, the time for Defendants Christopher Lyons and Guy Oseary to respond to the Initial Complaint was previously extended once by not more than 30 days.

9. The parties agree that the requested time modification in the Stipulation should have no adverse effect on the schedule for the case.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

3
DECLARATION OF PETER B. MORRISON IN SUPPORT OF JOINT STIPULATION AND [PROPOSED] ORDER EXTENDING TIME TO RESPOND TO COMPLAINT

1  Executed on January 6, 2023, in Los Angeles, California.

                                              */s/ Peter B. Morrison*
                                              PETER B. MORRISON