DEAN S. KRISTY (CSB No. 157646)
dkristy@fenwick.com
TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
JENNIFER C. BRETAN (CSB No. 233475)
jbretan@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Defendants Dean Steinbeck, Amy Wu, Maaria Bajwa, and Alexis Ohanian

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADONIS REAL and ADAM TITCHER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>YUGA LABS, INC., et al.<br><br>Defendants. | Case No.: 2:22-cv-08909-FMO-PLA<br><br>**STIPULATION AND [PROPOSED] ORDER EXTENDING TIME TO RESPOND TO COMPLAINT AND STAYING RELATED DEADLINES**<br><br>Judge: Hon. Fernando M. Olguin<br>Complaint Filed: December 8, 2022 |

Plaintiffs Adonis Real and Adam Titcher ("Plaintiffs"), individually and on behalf of all others similarly situated, and defendants Dean Steinbeck, Amy Wu, Maaria Bajwa, and Alexis Ohanian (collectively, "Defendants" and, with Plaintiffs, the "Parties"), by and through their respective counsel, hereby agree and stipulate, and submit the accompanying proposed order, to extend the time to respond to the complaint in this action and to stay related discovery and other deadlines.

WHEREAS, this action is a proposed class action alleging, among other things, claims under the federal securities laws against Defendants and others;

WHEREAS, this action is subject to the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4 *et seq.*, which sets forth specialized procedures for the administration of securities class actions;

WHEREAS, the PSLRA provides for the appointment of a Lead Plaintiff to act on behalf of the purported class (15 U.S.C. § 78u-4(a)(3)(B)(ii));

WHEREAS, motions to be appointed Lead Plaintiff are due by February 7, 2023, 60 days after Plaintiffs' publication of notice of this action;

WHEREAS, approval of lead counsel will follow the Court's decision on any Lead Plaintiff motion(s);

WHEREAS, thereafter, the Parties expect Lead Plaintiff will file an amended complaint, which complaint will supersede any previously filed complaint;

WHEREAS, Defendants anticipate filing motion(s) to dismiss in response to Lead Plaintiff's complaint and that the Parties will submit a briefing schedule to the Court in connection with the filing of any such motion(s);

WHEREAS, pursuant to the PSLRA, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss…." (15 U.S.C. § 78u-4(b)(3)(B));

WHEREAS, because the special procedures in the PSLRA contemplate (i) the consolidation of similar actions, if any; (ii) appointment of Lead Plaintiff; and (iii) the filing of a single consolidated (amended) complaint by Lead Plaintiff,

requiring Defendants to respond to the existing complaint in this action would result in the needless expenditure of private and judicial resources;

WHEREAS, the Court has not yet entered a scheduling order;

WHEREAS, the Parties agree that, in the interests of judicial economy, efficiency and conservation of Court and party resources, a motion to dismiss, answer, or other response to the current complaint would be premature prior to the appointment of Lead Plaintiff and lead counsel under the PSLRA;

WHEREAS, there have been no prior extensions of time for Defendants Dean Steinbeck, Amy Wu, or Alexis Ohanian to respond to the complaint;

WHEREAS, pursuant to Local Rule 8-3, the time for defendant Maaria Bajwa to respond to the complaint was previously extended once by 30 days, to February 3, 2023 (ECF No. 18);

WHEREAS, this stipulation is without prejudice to the Parties' respective rights to seek further modifications to the schedule in the future;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and through the undersigned counsel for the Parties, subject to Court approval, as follows:

1. Defendants Dean Steinbeck, Amy Wu, Maaria Bajwa, and Alexis Ohanian shall not be required to answer, move, or otherwise respond to any complaint in this action until after the appointment of a Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B) and filing by such Lead Plaintiff of a consolidated or amended complaint (or designation of an operative complaint), and they do not thereby waive any rights, arguments, or defenses they may have;

2. Following the appointment of Lead Plaintiff, counsel for Defendants shall meet and confer with Court-appointed lead counsel and promptly submit to the Court a proposed schedule regarding the filing of an amended complaint, Defendants' response thereto, and all associated briefing, consistent with the Court's order appointing such Lead

Plaintiff and lead counsel.

3. Subject to the Court's approval, the scheduling of an initial pretrial conference pursuant to Fed. R. Civ. P. 16(b), the parties' obligations to serve initial disclosures pursuant to Fed. R. Civ. P. 26(a), and the parties' obligations to confer regarding case management and the development of a discovery plan and to submit a written report to the Court pursuant to Fed. R. Civ. P. 26(f), shall be stayed, *sine die*, pending the resolution of any motions to dismiss the amended and/or consolidated complaint (or designated operative complaint) contemplated by paragraph 2 above.

4. The schedule proposed herein is made in the interests of efficiency, and not to delay the proceedings, and will not prejudice any party.

5. Nothing in this stipulation shall prevent any party from moving to coordinate and/or consolidate this action with any related case, nor shall anything herein prevent any party from seeking additional time from the other parties and/or the Court with respect to any of the deadlines set forth above.

IT IS FURTHER STIPULATED THAT nothing in this stipulation or entry of the proposed order shall be deemed to constitute a waiver of any rights, arguments, objections, or defenses that any party may have with respect to this action or to the claims asserted in the complaint or any amended complaint (including, but not limited to, jurisdictional defenses or with respect to service), such rights being expressly preserved, and this stipulation is without prejudice to any other or further application by a party to this Court or any other court.

IT IS SO STIPULATED.

///

///

///

FENWICK & WEST LLP

| | | |
|---|---|---|
| 1 | Dated: January 11, 2023 | **FENWICK & WEST LLP** |
| 2 | | By: */s/ Jennifer C. Bretan* |
| 3 | | Jennifer C. Bretan (CSB No. 233475) |
| 4 | | 555 California Street, 12th Floor<br>San Francisco, CA 94104 |
| 5 | | Telephone: 415.875.2300<br>Facsimile: 415.281-1350 |
| 6 | | jbretan@fenwick.com |
| 7 | | *Attorneys for Defendants Dean Steinbeck, Amy Wu, Maaria Bajwa, and Alexis Ohanian* |
| 8 | Dated: January 11, 2023 | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
| 9 | | By: */s/ John T. Jasnoch* |
| 10 | | John T. Jasnoch (CSB No. 281605) |
| 11 | | 600 W. Broadway, Suite 3300<br>San Diego, CA 92101 |
| 12 | | Telephone: (619) 233-4565<br>Facsimile: (619) 236-0508 |
| 13 | | jjasnoch@scott-scott.com |
| 14 | | *Attorneys for Plaintiffs and Proposed Class* |

# **ATTESTATION**

I, Jennifer C. Bretan, hereby attest that all other signatories listed above, and on behalf of whom this filing is submitted, concur in the content of this filing and have authorized me to file on their behalf.

Dated: January 11, 2023         By: /s/ *Jennifer C. Bretan*
                                    Jennifer C. Bretan