PERKINS COIE LLP

Renée E. Rothauge, Bar No. 271239
RRothauge@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile: +1.503.727.2222

Skyler Howton, (*pro hac vice* application pending)
SHowton@perkinscoie.com
500 N. Akard Street, Suite 3300
Dallas, Texas 75201
Telephone: +1.214.259.4951
Facsimile: +1.214.965.7752

*Attorneys for Defendants*
adidas AMERICA INC. and adidas VENTURE B.V.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADONIS REAL and ADAM TITCHER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>YUGA LABS, INC., et al.,<br><br>Defendants. | Case No. 2:22-cv-08909-FMO-PLA<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER (UNDER SEPARATE COVER) EXTENDING TIME TO RESPOND TO COMPLAINT**<br><br>Judge: Hon. Fernando M. Olguin<br>Complaint Filed: December 8, 2022 |

1  Plaintiffs Adonis Real and Adam Titcher, individually and on behalf of all
2  others similarly situated, and Defendants adidas America Inc. and adidas Venture
3  B.V. (the "Stipulating Defendants"), hereby stipulate and apply for an order
4  extending the Stipulating Defendants' time to respond to the complaint and staying
5  discovery obligations.

6  WHEREAS, on December 8, 2022, Plaintiffs filed a putative class-action
7  complaint in the above-captioned action (the "Initial Complaint," ECF No. 1)
8  asserting, inter alia, claims pursuant to §§ 5, 12(a)(1), and 15 of the Securities Act
9  of 1933 (the "Securities Act") and §§ 10(b) and 20(a) of the Securities Exchange
10 Act of 1934 (the "Exchange Act");

11 WHEREAS, on December 14, 2023, Plaintiffs served the Initial Complaint
12 on the Stipulating Defendants via the Stipulating Defendants' registered agent for
13 service of process;

14 WHEREAS, the Court has not yet entered a Scheduling Order;

15 WHEREAS, the Private Securities Litigation Reform Act of 1995 (the
16 "PSLRA"), 15 U.S.C. §§ 77z-1 & 78u-4, provides (i) that plaintiffs bringing class
17 action claims under the Securities Act or Exchange Act must publish a notice
18 advising members of the putative class of the pendency of the action and (ii) that
19 any member of the putative class may move the Court to serve as lead plaintiff of
20 the putative class within 60 days after the notice is published, and further provides a
21 procedure for the appointment by the Court of lead plaintiff(s) and lead counsel to
22 represent the putative class;

23 WHEREAS, Plaintiffs published a notice advising members of the putative
24 class of the pendency of the action on December 9, 2022;

25 WHEREAS, by February 7, 2023, i.e., not later than 60 days after Plaintiffs
26 provided public notice of the filing of the Initial Complaint, Plaintiffs or other
27 members of the putative class may move this Court to serve as lead plaintiff;

28

WHEREAS, Plaintiffs and the Stipulating Defendants anticipate that after the Court appoints a lead plaintiff, such lead plaintiff will likely file an amended complaint, which would supersede the Initial Complaint as the operative pleading in the action;

WHEREAS, the PSLRA provides for an automatic stay of discovery in this action during the pendency of any motion to dismiss, 15 U.S.C. §§ 77z-1(b)(1) & 78u-4(b)(3)(B);

WHEREAS, in the interests of judicial economy, efficiency and conservation of Court and party resources, counsel for Plaintiffs and counsel for the Stipulating Defendants believe that a motion to dismiss, answer or other response to the Initial Complaint would be premature prior to the entry of an order by the Court pursuant to the PSLRA appointing one or more lead plaintiffs and lead counsel pursuant to 15 U.S.C. §§ 77z-1(a)(3)(B) & 78u-4(a)(3)(B) (the "Order");

WHEREAS, there have been no prior extensions of time for the Stipulating Defendants to respond to the Initial Complaint;

WHEREAS, this stipulation is without prejudice to the parties' respective rights to seek further modifications to the schedule in the future;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, between the parties, subject to the Court's approval, that:

1. The Stipulating Defendants shall have no obligation to answer or otherwise respond to, and each hereby is expressly relieved from answering or otherwise responding to, the Initial Complaint, subject to the provisions of paragraph 3 below.

2. Promptly after entry of the Order in this action (or in any consolidated action encompassing this action), counsel for the Stipulating Defendants and Court-appointed lead counsel shall meet and confer regarding a schedule for (i) the filing of an operative complaint, (ii) any answer, motion to dismiss or other response

thereto, and (iii) any subsequent briefing on such a motion to dismiss. Within fourteen (14) days after entry of the Order, the court-appointed lead plaintiff(s) and the Stipulating Defendants shall jointly submit a proposed schedule to the Court.

3.  Subject to the Court's approval, the scheduling of an initial pretrial conference pursuant to Fed. R. Civ. P. 16(b), the parties' obligations to serve initial disclosures pursuant to Fed. R. Civ. P. 26(a), and the parties' obligations to confer regarding case management and the development of a discovery plan and to submit a written report to the Court pursuant to Fed. R. Civ. P. 26(f), shall be stayed, *sine die*, pending the resolution of any motions to dismiss the amended and/or consolidated complaint (or the designated operative complaint) contemplated by paragraph 3 above.

4.  The Stipulating Defendants have previously made no requests for an extension of time in this matter.

5.  The schedule proposed herein is made in the interests of efficiently proceeding with this action, not to delay the proceedings, and will not prejudice any party.

6.  Nothing in this stipulation shall prevent any party from moving to coordinate and/or consolidate this action with any related case, nor shall anything herein prevent any party from seeking additional time from the other parties and/or the Court with respect to any of the deadlines set forth above.

IT IS FURTHER STIPULATED THAT nothing in this stipulation shall be deemed to constitute a waiver of any rights, objections or defenses (including, but not limited to, jurisdictional defenses) that any party may have with respect to this action or to the claims asserted in the complaint, and is without prejudice to any

///
///
///

other or further application by a party to this Court or any other court.

Dated: January 12, 2023

Respectfully submitted,

**PERKINS COIE LLP**

By: *s/ Renée E. Rothauge*
Renée E. Rothauge, Bar No. 271239
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile: +1.503.727.2222

*Attorneys for Defendants*
adidas AMERICA INC. and adidas VENTURE B.V.

*I, Renée Rothauge, attest that all other signatories below and on whose behalf this filing is also submitted, concur in the filing's content and have authorized the filing.*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

By: */s/ John T. Jasnoch*
JOHN T. JASNOCH

*Attorneys for Plaintiffs*
ADONIS REAL and ADAM TITCHER, Individually and on Behalf of All Others Similarly Situated

600 W. Broadway, Suite 3300
San Diego, CA 92101
Email: jjasnoch@scott-scott.com
Telephone: (619) 233-4565
Facsimile: (619) 236-0508