PERKINS COIE LLP

Renée E. Rothauge, Bar No. 271239
RRothauge@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile: +1.503.727.2222

Skyler Howton, (*pro hac vice* application pending)
SHowton@perkinscoie.com
500 N. Akard Street, Suite 3300
Dallas, Texas 75201
Telephone: +1.214.259.4951
Facsimile: +1.214.965.7752

*Attorneys for Defendants*
adidas AMERICA INC. and adidas VENTURE B.V.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADONIS REAL and ADAM TITCHER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>YUGA LABS, INC., et al.,<br><br>Defendants. | Case No. 2:22-cv-08909-FMO-PLA<br><br>**DECLARATION OF RENÉE ROTHAUGE IN SUPPORT OF JOINT STIPULATION AND [PROPOSED] ORDER EXTENDING TIME TO RESPOND TO COMPLAINT**<br><br>Judge: Hon. Fernando M. Olguin<br>Complaint Filed: December 8, 2022 |

## DECLARATION OF RENÉE ROTHAUGE

I, Renée Rothauge, declare and state as follows:

1. I am an attorney admitted to practice before the courts of the State of California and have been admitted to this Court. I am a partner in the law firm of Perkins Coie LLP, which is counsel of record for Defendants adidas America, Inc. and adidas Venture B.V. in the above-captioned matter. I submit this declaration in support of the Joint Stipulation and [Proposed] Order Extending Time to Respond to Complaint (the "Stipulation"). I make this declaration based on my own personal knowledge, and if called upon to do so, could and would testify competently thereto.[1]

2. On December 8, 2022, Plaintiffs filed the complaint in the above-captioned action ("Action"), a putative class action arising under, among other things, the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"), including the Private Securities Litigation Reform Act of 1995 ("PSLRA").

3. On December 9, 2022, Plaintiff caused to be published "in a widely circulated national business-oriented publication or wire service" the notice of this Action. 15 U.S.C. § 78u-4(a)(3)(A)(i).

4. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i)(II), any purported class member has 60 days from the date the notice was published to move the Court to serve as lead plaintiff on behalf of the putative class.

5. Before this litigation can proceed, the PSLRA states that the Court must (i) "consider any motion made by a purported class member" to be appointed the lead plaintiff for this action; (ii) appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," to manage the

---

[1] Capitalized terms used but not defined herein have the meanings assigned to them in the Stipulation.

-2-

litigation on behalf of the putative class; and (iii) to consider whether to approve the lead plaintiff's selection of lead counsel to represent the putative class. 15 U.S.C. § 78u-4(a)(3)(B)(i), (iv).

6. It is common in securities class actions that, after being appointed lead plaintiff, the lead plaintiff will file an amended complaint. Thus, as noted in the Manual for Complex Litigation, it is customary for courts to enter an order suspending the defendants' time to respond to the complaint until after the lead plaintiff appointment has occurred and an amended complaint has been filed. See Ann. Manual Complex Lit. § 31.4 (4th ed.) ("Immediately after assignment of the litigation, the judge should consider entering an order suspending the time for all defendants to respond to the complaint in cases where a motion to consolidate is pending or a lead plaintiff has not been selected, as the initial complaint is likely to be amended."). This process conserves judicial resources and avoids duplicative litigation by excusing the defendants from responding to a complaint that will ultimately be amended.

7. The parties agree that it will serve the interests of judicial economy and orderly management of the Action to set a briefing schedule with respect to any motion that any Stipulating Defendant may bring pursuant to Rule 12 of the Federal Rules of Civil Procedure after the filing of an amended complaint.

8. Defendants adidas America Inc. and adidas Venture B.V. have previously made no requests for an extension of time in this matter.

9. The parties agree that the requested time modification in the Stipulation should have no adverse effect on the schedule for the case.

-3-

2:22-cv-08909-FMO-PLA
DECLARATION OF RENÉE ROTHAUGE IN SUPPORT OF JOINT STIPULATION
AND [PROPOSED] ORDER EXTENDING TIME TO RESPOND TO COMPLAINT

| | |
|---|---|
| 1 | I declare under penalty of perjury under the laws of the State of California |
| 2 | and the United States of America that the foregoing is true and correct. |
| 3 | |
| 4 | Dated:  January 12, 2023                         **PERKINS COIE LLP** |
| 5 | |
| 6 | By: */s/ Renée E. Rothauge* |
| 7 | Renée E. Rothauge, Bar No. 271239 |

-4-