Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADONIS REAL and ADAM TITCHER, Individually and on behalf of all others similarly situated, | Case No. 2:22-cv-08909-FMO-PLA |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DANIEL WOLFFORD FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** |
| v. | |
| YUGA LABS, INC., WYLIE ARONOW, GREG SOLANO, KEREM ATALAY, ZESHAN ALI, NICOLE MUNIZ, JASMIN SHOEMAKER, PATRICK EHRLUND, CHRISTOPHER LYONS, ALEXIS OHANIAN, AMY WU, MAARIA BAJWA, DEAN STEINBECK, GUY OSEARY, MIKE WINKELMANN, MADONNA LOUISE CICCONE, | CLASS ACTION |
| | JUDGE: Fernando M. Olguin |
| | HEARING: March 9, 2023 |
| | TIME: 10:00 a.m. |
| | CTRM: 6D |
| [Additional Defendants on Next Page] | |

PARIS HILTON, JAMES
FALLON, ELECTRIC HOT DOG,
INC., UNIVERSAL
TELEVISION, LLC, JUSTIN
BIEBER, GWYNETH
PALTROW, SERENA
WILLIAMS, THOMAS PENTZ,
AUSTIN RICHARD POST,
CALVIN BROADUS JR., KEVIN
HART, ALEXANDER PALL,
ANDREW TAGGART,
WARDELL STEPHEN CURRY
II, NAYVADIUS WILBURN
CASH, ABEL TESFAYE,
KHALED MOHAMMED
KHALED, ADIDAS AMERICA
INC., ADIDAS VENTURE B.V.,
IVAN SOTO-WRIGHT, and
MOONPAY USA LLC,

   Defendants.

Daniel Wolfford ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 27 of the Securities Act of 1933 ("Securities Act") and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Movant as Lead Plaintiff for all purchasers of Yuga Labs, Inc.'s ("Yuga Labs") securities including its non-fungible tokens ("NFTs") or ApeCoin tokens ("ApeCoin") between April 23, 2021 and the present (the "Relevant Period"), and were damaged thereby; and

(2) appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## I.     PERTINENT BACKGROUND

This action was commenced on December 8, 2022 against Defendants for violations under the Securities Act, the Exchange Act, and California law. On December 9, 2022, an early notice pursuant to the PSLRA advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as Lead Plaintiff was issued. *See* Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 1, filed herewith.

Yuga Labs is a cryptocurrency-related NFT project founded in February 2021 by a group of four friends: Defendants Aronow, Solano, Atalay, and Ali, along with Defendant Muniz. Yuga Labs develops and sells to investors a variety of digital assets, which fall into two basic categories: (1) artwork from various NFT collections; and (2) a native token.

The complaint alleges that, among other things, Defendants violated provisions of the Exchange Act by making false and misleading statements concerning Yuga's growth prospects, financial ownership, and financial benefits for Yuga securities investors, as well as using celebrity promoters to lure in

unsuspecting investors so that Yuga insiders could sell the unregistered Yuga securities in violation of the Securities Act.

Then, the floor price of the Bored Ape Yacht Club NFT collection ("BAYC") (Yuga Labs' flagship NFT collection) began to deflate immediately after the failed launch of the BAYC metaverse and botched sale of virtual land in the Otherside, on April 30, 2022. In the following months, the floor price of the BAYC NFT fell to a Relevant Period low of 50 ether (i.e., approximately $62,000) on November 14, 2022. Trading volume decreased to a mere 899 ether, down 92.9% from its height at the launch.

Similarly, the price of ApeCoin tokens dropped to a Relevant Period low of $2.70 on November 13, 2022. This was down approximately 90% from its all time high price of $26.91 on April 28, 2022. Trading volume of ApeCoins decreased to $160.7 million, down a staggering 99.7% from its high point during the Relevant Period of $5.5B on April 28, 2022.

Likewise, the floor price of the Otherdeed NFT went from a Relevant Period high of 4.7 ether (about $13,200) on May 1, 2022 all the way down to a low of 0.8 ether (worth only $1,000) on November 15, 2022. Trading volume decreased to a mere 788 ether, which was a step drop of 99.7% down from its height around the launch.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

## II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead

2

Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *Id.*

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

## A.    Movant is Willing to Serve as Class Representative

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

## B.    Movant has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's

approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $15,985 in connection with his purchases of Yuga Labs securities. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.   Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

>  (1) the class is so numerous that joinder of all members is impracticable;
>
>  (2) there are questions of law or fact common to the class;
>
>  (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
>  (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main

4

focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and his claims are typical of the members of the class. Movant and all members of the Class allege that Defendants violated the federal securities laws by, among other things, selling unregistered securities and publicly disseminating false and misleading information. Movant, as did all of the members of the Class, purchased unregistered Yuga Labs securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

## D.   Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interests of the class; or

> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against him that would render Movant inadequate to represent the Class.

Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

Further, Movant is a resident of Texas with over a decade of investing experience. He holds a Master of Science degree, is retired from the military, and is currently a Chief Information Security Officer.

## III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 77z- 1(a)(3)(B)(v); 15 U.S.C.  § 78u-4(a)(3)(B)(v).  The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching the Class's and Movant's claims, including filing this action, reviewing publicly available financial and other documents and gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

IV.    **CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the class; (2) approving Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:   February 7, 2023                     Respectfully submitted,

                                              **THE ROSEN LAW FIRM, P.A.**

                                              /s/ Laurence M. Rosen
                                              Laurence M. Rosen, Esq. (SBN 219683)
                                              355 South Grand Avenue, Suite 2450
                                              Los Angeles, CA 90071
                                              Telephone: (213) 785-2610
                                              Facsimile: (213) 226-4684
                                              Email: lrosen@rosenlegal.com

                                              *Counsel for Movant and [Proposed] Lead
                                              Counsel for the Class*

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:
I am the Managing Partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On February 7, 2023, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DANIEL WOLFFORD FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on February 7, 2023.


                                        /s/ Laurence M. Rosen
                                        Laurence M. Rosen