John T. Jasnoch (CA 281605)
jjasnoch@scott-scott.com
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619-233-4565
Fax: 619-233-0508

*Attorney for Lead Plaintiff Movant*
*The Yuga Investor Group*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADONIS REAL and ADAM TITCHER, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>YUGA LABS, INC., et al.,<br><br>　　　　　　　Defendants. | Case No.: 2:22-cv-08909-FMO-PLA<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LEAD PLAINTIFF MOVANT THE YUGA INVESTOR GROUP FOR APPOINTMENT OF CO-LEAD PLAINTIFFS AND LEAD COUNSEL**<br><br>Judge: Fernando M. Olguin<br>Date: March 9, 2023<br>Time: 10:00 a.m.<br>Courtroom: 6D<br><br>Complaint Filed:  December 8, 2022 |

1

## STATEMENT OF THE ISSUES TO BE DECIDED

2

     1.    Whether the Court should appoint the Yuga Investor Group[1] as Co-

3

Lead Plaintiffs for the Class pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

4

     2.    Whether the Court should approve the Yuga Investor Group's selection

5

of Scott+Scott as Lead Counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

6

## MEMORANDUM OF POINTS AND AUTHORITIES

7

## I.   INTRODUCTION

8

     The Yuga Investor Group, comprised of movants and class members Johnny

9

Johnson ("Johnson"), Ezra Boekweg ("Boekweg"), and Mario Palombini

10

("Palombini"), by and through their undersigned counsel, respectfully submit this

11

memorandum of points and authorities in support of their motion for: (1)

12

appointment as Co-Lead Plaintiffs pursuant to §21D of the Securities and Exchange

13

Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the

14

PSLRA; and (2) approval of their selection of Scott+Scott to serve as Lead Counsel

15

for the securities claims.

16

     The PSLRA provides that the court is to appoint as lead plaintiff the member

17

or members of the purported plaintiff class with the largest financial interest in the

18

action that otherwise satisfies the requirements of Rule 23.   15 U.S.C. §78u-

19

4(a)(3)(B)(iii).   As demonstrated below, The Yuga Investor Group should be

20

appointed to serve as Co-Lead Plaintiffs because: (1) their motion for appointment

21

is timely filed; (2) based on information presently available, the Yuga Investor

22

Group has the largest financial interest in this litigation; and (3) they are adequate

23

and typical Class members.   *See* 15 U.S.C. §78u-4(a)(3)(B)(iii) (describing the

24

PSLRA standard for lead plaintiff appointment); *In re Cavanaugh*, 306 F.3d 726,

25

729-30 (9th Cir. 2002) (same).   In addition, the Yuga Investor Group's selection of

26

Scott+Scott to serve as Lead Counsel for the Class should be approved.   *See* 15

27

28

---

[1]    Unless otherwise defined, terms retain the same meanings as defined in the Notice of Motion and Motion. Citations are omitted throughout unless noted. "Jasnoch Decl." refers to the Declaration of John T. Jasnoch filed concurrently herewith.

U.S.C. §78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").  Scott+Scott has a long history of successfully litigating securities class actions and possesses the necessary resources to aggressively prosecute this action on behalf of the putative Class.  Moreover, Scott+Scott has undertaken significant effort to investigate and advance the claims asserted against Defendants on behalf of the putative Class.

## II.   FACTUAL BACKGROUND

Yuga Labs, Inc. ("Yuga") is a cryptocurrency-related company that offers investors a suite of digital assets, including various collections of non-fungible tokens ("NFTs") and the Company's native token (ApeCoin).  Yuga's brand and flagship NFT collection is referred to as the Bored Ape Yacht Club ("BAYC").

On December 8, 2022, Plaintiffs Adonis Real and Adam Titcher filed a putative class action complaint asserting claims for violation of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and Sections 5, 12(a)(1), and 15 of the Securities Act of 1933 ("Securities Act").  The complaint alleges that Defendants violated provisions of the Exchange Act by making false and misleading statements concerning Yuga's growth prospects, financial ownership, and financial benefits for Yuga securities investors, as well as using celebrity promotors to lure in unsuspecting investors so that Yuga insiders could sell the unregistered Yuga securities in violation of the Securities Act.  The complaint alleges that the digital assets sold by Yuga and promoted by the other Defendants, including the BAYC, Mutant Ape Yacht Club ("MAYC"), Bored Ape Kennel Club, "Otherdeed for Otherside" metaverse land, and ApeCoin (collectively "Yuga Financial Products"), are securities that were not registered with the U.S. Securities and Exchange Commission and were not subject to any exemption.

## III.   ARGUMENT

### A.   The Yuga Investor Group Should Be Appointed Lead Plaintiffs

#### 1.   The Yuga Investor Group's Motion Is Timely

Within 20 days of filing a securities class action, the plaintiff must publish a notice informing putative class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice").  15 U.S.C. §78u-4(a)(3)(A)(i). Following the commencement of this action, on December 9, 2022, counsel for Plaintiffs published notice of pendency of the action via *BUSINESS WIRE*.  *See* Jasnoch Decl., Ex. A.  Because the Early Notice was published within 20 days of the initiation of the action, notice was timely.  *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *4 (N.D. Cal. June 10, 2014) (finding notice "timely because it was published within 20 days after the filing of the complaint").

All putative Class members seeking to be appointed lead plaintiff in this matter are required to move for appointment within 60 days of publication of the Early Notice.  15 U.S.C. §77z-1(a)(3)(A)-(B).  Since the instant motion was filed within 60 days from the publication of the Early Notice, it is timely.  15 U.S.C. §77z-1(a)(3)(A)(i)(II).  Moreover, the Yuga Investor Group has submitted certifications stating their willingness to serve as representative parties on behalf of the Class.  *See* Jasnoch Decl., Ex. B.  Likewise, the Yuga Investor Group has submitted a Joint Declaration stating their willingness and ability to serve as a three-person representative group on behalf of the Class.  *See* Jasnoch Decl., Ex. C.

#### 2.   The Yuga Investor Group Has the Largest Financial Stake in the Relief Sought by the Class

The PSLRA provides that courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this

subparagraph." 15 U.S.C. §78u-4(a)(3)(B)(i). Furthermore, there is a rebuttable "presumption that the most adequate plaintiff in any private action arising under this [title]" is the movant that "has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007) (discussing the PSLRA lead plaintiff appointment process); *Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at *2 (C.D. Cal. Mar. 2, 2012) (same) (citing *Cavanaugh*, 306 F.3d at 730). "District courts 'have typically considered the "Olsten–Lax" factors to determine who has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.'" *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998), and *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)). "Of the Olsten-Lax factors, courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss." *Richardson*, 2007 WL 1129344, at *4.

Based on the information presently available, the Yuga Investor Group has the largest financial interest in the relief sought in this litigation. As set forth in their certifications, Johnson has a financial interest of approximately $428,000. Likewise, Palombini has a financial interest of approximately $257,000. Boekweg has a financial interest of approximately $750,000 with respect to his NFT purchases and has also bought and sold millions of dollars' worth of ApeCoin. *See* Jasnoch Decl., Ex. C. Given that the Yuga Investor Group has the largest financial interest in this litigation and, as discussed below, satisfy all of the PSLRA prerequisites for appointment as Lead Plaintiffs, they should be appointed Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3.   The Yuga Investor Group Are Otherwise Qualified Under Rule 23

Pursuant to §21D(a)(3)(B) of the Exchange Act, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."   15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).   Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).   Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative.   Consequently, in deciding a motion to serve as lead plaintiff, the court need only make findings as to the typicality and adequacy of the proposed lead plaintiff and, at this stage, those findings need only be "preliminary."  *See*, *e.g.*, *Westley v. Oclaro, Inc.*, No. C-11-2448 EMC, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011) (noting that only a "preliminary showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage).

The typicality requirement of Rule 23(a)(3) is satisfied when the representative party "'has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues.'"  *Id.*  Here, the Yuga Investor Group's claims are typical of the claims of the other members of the putative Class because, like all other Class members, the Yuga Investor Group: (1) purchased unregistered Yuga Financial Products during the Class Period; (2) were adversely affected by Defendants' false and misleading statements and otherwise fraudulent conduct; and (3) suffered damages as a result thereof.  *See Russo v. Finisar Corp.*, No. 5-CV-11-01252-EJD, 2011 WL 5117560, at *4 (N.D. Cal. Oct. 27, 2011) (discussing ways in which a lead plaintiff movant

can meet the typicality requirement).  Since the claims asserted by the Yuga Investor Group are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," typicality is satisfied.  *See* NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008).

With respect to adequacy, a movant is an adequate class representative when it possesses common interests and an absence of conflict with fellow class members and the movant attorneys are qualified, experienced, and vigorously able to conduct the litigation.  *See Westley*, 2011 WL 4079178, at *2 (explaining that, with regard to the adequacy requirement, a court must evaluate '"whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation'").  The Yuga Investor Group satisfies the "adequacy" requirement in the instant litigation because their interests are clearly aligned with the interests of the putative Class.  Moreover, the Yuga Investor Group, like all other members of the Class, suffered losses as a result of purchasing Yuga Financial Products at prices that were artificially inflated due to Defendants' alleged fraudulent misconduct.  The Yuga Investor Group will, therefore, benefit from the same relief as other Class members.  In short, there is absolutely no evidence of antagonism between the Yuga Investor Group and the putative Class.

The Yuga Investor Group have also demonstrated that they are adequate representatives in this matter by having retained competent and experienced counsel. As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner.  Accordingly, the Yuga Investor Group has made a *prima facie* showing that they satisfy all of the requirements of Rule 23 for the purposes of its motion.

### 4.    The Court Should Approve the Yuga Investor Group's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court approval.   *See* 15 U.S.C. §77z-1(a)(3)(B)(v);

*Cavanaugh*, 306 F.3d at 734-35.  As such, this Court should not disturb the lead plaintiff choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa); *see also In re Cohen*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d at 733 n.12.

The Yuga Investor Group has selected the law firm of Scott+Scott to serve as Lead Counsel in this litigation.   Scott+Scott has significant experience in the prosecution of securities class actions and as its history illustrates, Scott+Scott will vigorously prosecute this case on behalf of the Yuga Investor Group and the putative Class.[2]  Scott+Scott is also currently serving as lead or co-lead counsel in numerous securities class actions pending in several United States District Courts.[3]  *See also* Jasnoch Decl., Ex. D (Firm Résumé).

---

[2]   Recoveries obtained by Scott+Scott include: *Mustafin v. GreenSky, Inc.*, No. 1:18-cv-11071 (S.D.N.Y.) ($27.5 million); *In re Evoqua Water Techs. Corp. Sec. Litig.*, No. 1:18-cv-10320 (S.D.N.Y.) ($16.65 million); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv01455 (N.D. Cal.) ($50 million); *Weston v. RCS Cap. Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv00548 (S.D. Tex.) ($22.5 million); *In re FireEye, Inc. Sec. Litig.*, No. 1:14-cv-266866 (Cal. Super. Ct., Santa Clara Cty.) ($10.3 million settlement); *In re Pac. Coast Oil Tr. Sec. Litig.*, No. BC550418 (Cal. Super. Ct., L.A. Cty.) ($7.6 million settlement); and *W. Palm Beach Police Pension Fund v. Cardionet, Inc.*, No. 37-2010-00086836-CU-SL-CTL (Cal. Super. Ct., San Diego Cty.) ($7.25 million settlement).

[3]   Current Lead Counsel Appointments:  *Golubowski v. Robinhood Mkts., Inc.*, No. 21-cv-9767 (N.D. Cal.); *Marechal v. Acadia Pharms. Inc.*, No. 3:21-cv-762 (S.D. Cal.); *Tan v. Goldman Sachs Group. Inc.*, No. 1:21-cv-08413-PAC (S.D.N.Y.); *Jochims v. Oatly Grp. AB*, No. 21-cv-6360 (S.D.N.Y.); *Garnett v. Wang [RLX Tech., Inc.]*, No. 21-cv-5125 (S.D.N.Y.); *Evans v. Frequency Therapeutics Inc.*, No. 21-cv-10933 (D. Mass.); *Gupta v. Athenex, Inc.*, No. 21-cv-337 (W.D.N.Y.); *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.); *Blake v. MacroGenics, Inc.*, No. 8:19-cv-2713 (D. Md.); *Kanugonda v. Funko, Inc.*, No.

In light of the foregoing, the Court should approve the Yuga Investor Group's selection of Scott+Scott as Lead Counsel for the securities claims. The Court can be assured that by approving the Yuga Investor Group's choice of counsel, the putative Class will receive the highest caliber of representation.

## IV.   CONCLUSION

For all of the foregoing reasons, the Yuga Investor Group respectfully requests that the Court appoint them as Co-Lead Plaintiffs and approve their selection of Scott+Scott to serve as Lead Counsel.

DATED: February 7, 2023          Respectfully submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ John T. Jasnoch*

John T. Jasnoch (CA 281605)
jjasnoch@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508

*Attorneys for Lead Plaintiff Movant the Yuga Investor Group and Proposed Lead Counsel*

**TAYLOR-COPELAND LAW**
James Q. Taylor-Copeland
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: 619-400-4944
Facsimile:  619-566-4341

**ZIGLER LAW GROUP, LLC**
Aaron M. Zigler
Nidya Gutierrez
308 S. Jefferson Street | Suite 333
Chicago, IL 60661
Tel: 312-673-8427
aaron@ziglerlawgroup.com
nidya.gutierrez@ziglerlawgroup.com

*Additional Counsel for Movants*

---

2:18-cv-00812 (W.D. Wash.); *Corwin v. ViewRay, Inc.*, No. 1:19-cv-2115 (N.D. Ohio); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); and *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.).

MEMO. OF LAW ISO MOTION FOR APPOINTMENT OF CO-LEAD PLTFS AND LEAD COUNSEL
CASE NO. 2:22-CV-08909-FMO-PLA

## **L.R. 11-6.1 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for the Yuga Investor Group, certifies that this brief contains 2,529 words, which complies with the word limit of L.R. 11-6.1.

DATED: February 7, 2023

/s/ John T. Jasnoch
John T. Jasnoch

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 7, 2023, I electronically filed the foregoing with the Clerk using CM / ECF, which will send notification via electronic means to all counsel of record.

DATED: February 7, 2023

_/s/ John T. Jasnoch_____
John T. Jasnoch

MEMO. OF LAW ISO MOTION FOR APPOINTMENT OF CO-LEAD PLTFS AND LEAD COUNSEL
CASE NO. 2:22-CV-08909-FMO-PLA