Jason Strabo (246426)
jstrabo@mwe.com
Ellie Hourizadeh (204627)
ehourizadeh@mwe.com
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
Telephone: +1 310 277 4110
Facsimile: +1 310 277 4730

Attorneys for Defendant
Wardell Stephen Curry II

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ADONIS REAL and ADAM TITCHER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YUGA LABS, INC. et al.,<br><br>Defendants. | CASE NO. 2:22-cv-08909-FMO(PLAx)<br><br>**STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT AND STAY DISCOVERY**<br><br>Judge: Hon. Fernando M. Olguin<br><br>Complaint Filed: December 8, 2022 |

Plaintiffs Adonis Real and Adam Titcher, individually and on behalf of all others similarly situated, and defendant Wardell Stephen Curry II ("Curry" or "Defendant"), by and through their undersigned counsel, hereby agree and stipulate to an extension of time for defendant to respond to plaintiffs' complaint and to a stay of discovery and submit the accompanying proposed order regarding same.

WHEREAS, on December 8, 2022, plaintiffs filed a class action complaint in the above-captioned matter (Dkt. 1) asserting, among other things, claims under the federal securities laws;

WHEREAS, the Court has not yet entered a Scheduling Order in this action;

WHEREAS, under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, *et seq.*, (i) plaintiffs must publish notice advising members of the putative class of the pendency of the action and (ii) any member of the putative class may move the Court to serve as lead plaintiff of the putative class within 60 days after the notice is published;

WHEREAS, plaintiffs published such notice on December 9, 2022;

WHEREAS, pursuant to the PSLRA, plaintiffs or other members of the putative class may move for an order to serve as lead plaintiff by no later than February 7, 2023;

WHEREAS, the parties anticipate that after the Court appoints a lead plaintiff, that lead plaintiff will likely file an amended complaint, superseding the complaint;

WHEREAS, defendant anticipates filing a motion to dismiss any amended complaint that lead plaintiff will likely file;

WHEREAS, the PSLRA provides for an automatic stay of discovery in this action during the pendency of any motion to dismiss, *see* 15 U.S.C. §§ 77z-l(b)(l) & 78u-4(b)(3)(B);

WHEREAS, in the interests of judicial economy and efficiency, counsel for the parties believe that a motion to dismiss, answer, or other response to the Complaint would be premature prior to the entry of an Order by this Court pursuant to the PSLRA appointing one or more lead plaintiffs and lead counsel (the "PSLRA Order");

WHEREAS, there has been a single extension of time for Curry to respond to the Complaint (Dkt. 96);

WHEREAS, this stipulation is without prejudice to the parties' rights to seek further modifications to the schedule or other relief in the future;

NOW THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE, subject to the Court's approval, that:

1. Defendant shall have no obligation to answer, move to dismiss, or otherwise respond to the complaint until after the appointment of a lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B) and the filing by such lead plaintiff of an amended complaint or designation of an operative complaint.

2. Promptly after entry of the PSLRA Order in this matter (or any similar order in any other consolidated matter encompassing this one), counsel for defendant and Court-appointed lead counsel shall meet and confer to propose to the Court a schedule for (i) the filing or designation of an operative complaint; (ii) any answer, motion to dismiss, or other response to that operative complaint; and (iii) any subsequent briefing on such motion to dismiss.

3. Subject to the Court's approval, the scheduling of an initial pretrial conference pursuant to Fed. R. Civ. P. 16(b), the parties' obligations to serve initial disclosures pursuant to Fed. R. Civ. P. 26(a), and the parties' obligations to confer regarding case management and the submission of a discovery plan pursuant to Fed. R. Civ. P. 26(f) shall be stayed pending the resolution of any motion to dismiss the operative complaint referenced in paragraph 2.

4. The schedule proposed herein is made in the interests of judicial economy and efficiency, not to delay the proceedings, and will not prejudice any party.

5. Nothing in this stipulation shall prevent any party from moving to coordinate and/or consolidate this action with any related case, nor prevent the parties from seeking additional time to respond with respect to any deadlines set forth herein.

1  6. Nothing in this stipulation shall constitute a waiver of any rights, objections, or defenses, that any party may have with respect to this action or to the claims asserted in the complaint. This stipulation is without prejudice to any other or further application by a party to this Court or any other court.

IT IS SO STIPULATED.

Dated: March 31, 2023        **MCDERMOTT WILL & EMERY LLP**

By: *Jason D. Strabo*
Jason D. Strabo
Attorneys for Defendant
Wardell Stephen Curry II

Dated: March 31, 2023        **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

By: *John T. Jasnoch* (with permission)
John T. Jasnoch
600 W. Broadway, Suite 3300
San Diego, CA 92101
Attorneys for Plaintiffs
Adonis Real and Adam Titcher,
individually and on behalf of others
similarly situated