# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADONIS REAL and ADAM TITCHER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> YUGA LABS, INC., et al, <br><br> Defendants. | Case No. CV 22-8909 FMO (PLAx) <br><br> **ORDER RE: MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** |

Having reviewed and considered all the briefing filed with respect to two motions for appointment of lead plaintiff, and approval of selection of counsel filed by Daniel Wolfford (Dkt. 68, Motion of Daniel Wolfford [] ("Wolfford Motion")) and by the Yuga Investor Group (Dkt. 72, [] Motion of [] Yuga Investor Group [] ("YIG Motion")), the court finds that oral argument is not necessary to resolve the motions, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

Yuga Labs, Inc. ("Yuga") is a cryptocurrency-related company that offers investors a suite of digital assets, including various collections of non-fungible tokens ("NFTs") and a native token, ApeCoin. (See Dkt. 1, Class Action Complaint ("Complaint") at ¶¶ 1-9). Plaintiffs bring their claims individually and on behalf of a putative class of persons who, "during the Class Period, purchased the Yuga securities and were subsequently damaged thereby." (Id. at ¶ 214). Plaintiffs allege that defendants violated provisions of the Securities Exchange Act, 15 U.S.C. § 78a et seq.,

by making false and misleading statements concerning Yuga's growth prospects, financial ownership, and financial benefits for Yuga securities investors; and that Yuga used celebrity promoters to lure in unsuspecting investors so that Yuga insiders could sell the unregistered securities in violation of the Securities Act, 15 U.S.C. § 77a et seq.  (See id. at ¶¶ 54-213). Plaintiffs also allege that the digital assets sold by Yuga and promoted by the other defendants, including the BAYC, Mutant Ape Yacht Club ("MAYC"), Bored Ape Kennel Club, "Otherdeed for Otherside" metaverse land, and ApeCoin (collectively "Yuga Financial Products"), are securities that were not registered with the Securities and Exchange Commission ("SEC") and were not subject to any exemption.  (See id.).

On February 7, 2023, Daniel Wolfford ("Wolfford") moved to be appointed as lead plaintiff and to have The Rosen Law Firm, P.A., appointed as lead counsel. (See Dkt. 68, Wolfford Motion at 2-3).  That same day, Johnny Johnson, Ezra Boekweg, and Mario Palombini (collectively, the "Yuga Investor Group" or "YIG") moved to be appointed as co-lead plaintiffs and for Scott+Scott Attorneys at Law LLP to be appointed as lead counsel.  (See Dkt. 72, YIG Motion at 1).  On February 16, 2023, Wolfford filed a Notice of Non-Opposition [] (Dkt. 83, "Notice") to YIG's request to be appointed as co-lead plaintiffs.

## DISCUSSION

I.     APPOINTMENT OF LEAD PLAINTIFF.

The court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members[.]"  15 U.S.C. § 78u-4(a)(3)(B)(i).  The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4, provides a three-step process for determining who should be appointed as lead plaintiff.  See In re Cavanaugh, 306 F.3d 726, 729 (9th Cir. 2002).  "The first step consists of publicizing the pendency of the action, the claims made and the purported class period."  Id. (citing 15 U.S.C. § 78u-4(a)(3)(A)).

The second-step requires the court to "adopt a presumption that the most adequate plaintiff in any private action . . . is the person or group of persons that – (aa) has either filed the complaint or made a motion in response to a notice [not later than 60 days after the date on which the notice

is published]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."[1]  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); see Cavanaugh, 306 F.3d at 729-30. During the second step, "all that is required is a 'preliminary showing' that the lead plaintiff group will satisfy the 'typicality' and 'adequacy' requirements" of Rule 23.  Erikson v. Cornerstone Propane Partners LP, 2003 WL 22232387, *3 (N.D. Cal. 2003); Puente v. Chinacast Educ. Corp., 2012 WL 3731822, *3 (C.D. Cal. 2012) (same).  Typicality requires a showing that "the claims or defenses of the representative parties are typical of the claims or defenses of the class[.]"  Fed. R. Civ. P. 23(a)(3).  The purpose of this requirement "is to assure that the interest of the named representative aligns with the interests of the class."  Wolin v. Jaguar Land Rover N. Am., LLC, 617 F.3d 1168, 1175 (9th Cir. 2010) (internal quotation marks omitted).  "The requirement is permissive, such that representative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical."  Just Film, Inc. v. Buono, 847 F.3d 1108, 1116 (9th Cir. 2017) (internal quotation marks omitted).  "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  Wolin, 617 F.3d at 1175 (internal quotation marks omitted).

With respect to adequacy, the Ninth Circuit uses a two-prong test to determine whether the representative parties meet this standard:  "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  Ellis v. Costco Wholesale Corp., 657 F.3d 970, 985 (9th Cir. 2011) (internal quotation marks omitted); see Fed. R. Civ. P. 23(a)(4). "Adequate representation depends on, among other factors, an absence of antagonism between representatives and absentees, and a sharing of interest between representatives and absentees." Id.  The adequacy of counsel is also considered under Rule 23(g).

---

[1] Unless otherwise indicated, all Rule references are to the Federal Rules of Civil Procedure.

After the second step identifies a presumptively adequate plaintiff, the third step gives members of the proposed class an opportunity to rebut that presumption. That presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff – (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); see Cavanaugh, 306 F.3d at 730.

A.   Publication of the Pendency of the Actions.

Here, the first step has been satisfied as the pendency of the action was published in Business Wire on December 9, 2022. (See, e.g, Dkt. 74, Declaration of John T. Jasnoch [] ("Jasnoch Decl."), Exh. A) (December 9, 2022, Business Wire Press Release).

B.   Presumptive Lead Plaintiff.

Turning to the second step, YIG filed its motion seeking to be appointed lead plaintiff on February 7, 2023, which is within the 60-day period prescribed by the PSLRA. (See Dkt. 72, YIG Motion); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). In addition, Wolfford – the only other plaintiff who moved for appointment as lead plaintiff, (see Dkt. 68, Wolfford Motion) – agrees that YIG has the largest financial interest in the litigation. (See Dkt. 83, Notice at 2-3) ("Having reviewed the competing motion filed in this action, [Wolfford] does not appear to have the largest financial interest in this litigation within the meaning of the PSLRA.").

As to the Rule 23 requirements, the court is persuaded that YIG's claims are "co-extensive" with those of the absent class members. (See Complaint at ¶¶ 54-213, 217-20); (Dkt. 73, Memorandum of Law in Support of [YIG Motion] ("YIG Mem.") at 5) ("[T]he Yuga Investor Group's claims are typical of the claims of the other members of the putative Class because, like all other Class members, the Yuga Investor Group: (1) purchased unregistered Yuga Financial Products during the Class Period; (2) were adversely affected by Defendants' false and misleading statements and otherwise fraudulent conduct; and (3) suffered damages as a result thereof."); Just Film, 847 F.3d at 1116. Also, there is no indication that YIG has interests that are antagonistic to the class, that it is subject to unique defenses, or that YIG's counsel are not well-suited to prosecute the action. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb) (lead plaintiff lacks

adequacy if he is "subject to unique defenses"); In re Emulex Corp. Sec. Litig., 210 F.R.D. 717, 720 (C.D. Cal. 2002) ("Representation is adequate if (1) the attorney representing the class is qualified and competent; and (2) the class representatives are not disqualified by interests antagonistic to the remainder of the class.").

        C.        Rebutting the Appointment of the Presumptive Lead Plaintiff.

No proof has been submitted that YIG "will not fairly and adequately protect the interests of the class[.]" 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Indeed, none of the other plaintiffs oppose the appointment of YIG as the lead plaintiff. (See, generally, Dkt.).

II.    SELECTION OF LEAD COUNSEL.

The PSLRA states that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff." Cavanaugh, 306 F.3d at 734. "Selecting a lawyer in whom a litigant has confidence is an important client prerogative and [courts] will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs." Id. "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." Cohen v. U.S. Dist. Court, 586 F.3d 703, 711 (9th Cir. 2009). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." Id. at 712.

Here, YIG has selected Scott+Scott Attorneys at Law LLP as its counsel for the class. The court has reviewed the resume of counsel, (see Dkt. 74-4, Jasnoch Decl., Exh. D), and is satisfied that YIG has made a reasonable choice of counsel and will defer to that choice.

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. The YIG Motion **(Document No. 72)** is **granted**. The Wolfford Motion **(Document No. 68)** is **denied**.

2. Johnny Johnson, Ezra Boekweg, and Mario Palombini are hereby appointed as co-lead plaintiffs for the proposed class.

5

3. Johnny Johnson's, Ezra Boekweg's, and Mario Palombini's choice of counsel is approved, and accordingly, Scott+Scott Attorneys at Law LLP is hereby appointed lead counsel for the proposed class.

Dated this 11th day of July, 2023.

>                          /s/
>              Fernando M. Olguin
>            United States District Judge