**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHNNY JOHNSON, EZRA BOEKWEG, MARIO PALOMBINI, and ADAM TITCHER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YUGA LABS, INC. et al.,<br><br>Defendants. | CASE NO. 2:22-cv-06727-FMO-PD<br><br>**[PROPOSED] ORDER GRANTING WARDELL STEPHEN CURRY II'S MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT** |

## **[PROPOSED] ORDER GRANTING CURRY'S MOTION TO DISMISS**

On September 12, 2023, defendant Wardell Stephen Curry II moved to dismiss the First Amended Class Action Complaint (FAC) pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 8, 9(b), and the Private Securities Litigation Reform Act (PSLRA).

The Court has read and considered the parties' respective papers, including the briefs of all defendants who have moved to dismiss and any opposition by plaintiffs. For the reasons set forth in Mr. Curry's motion to dismiss, the Court finds that the claims against him the FAC (Counts 1-3, 8, 10, and 13) must be dismissed for the following reasons:

With respect to Count 8 ("scheme" liability under the Section 10(b) of the Securities and Exchange Act), plaintiffs fail to allege the necessary elements of such a claim against Mr. Curry. *See Rabkin v. Lion Biotechs., Inc.*, 2018 WL 905862, at *16 (N.D. Cal. Feb. 15, 2018). Specifically, plaintiffs (1) fail to allege any deceptive or manipulative act by Mr. Curry in furtherance of any "scheme," (2) fail to allege any scienter on Mr. Curry's part, (3) fail to allege any reliance on Mr. Curry's conduct, (4) fail to allege loss causation; (5) fail to plead a domestic transaction under *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010).

With respect to plaintiffs' California claims, plaintiffs lack standing to pursue California state-law claims against Mr. Curry (Counts 1-3, 10, and 13) because Mr. Curry's alleged involvement is limited only to Bored Ape Yacht Club (BAYC) non-fungible tokens (NFTs), and no plaintiff is alleged to have relied on his conduct in connection with any purchase of a BAYC NFT. *Schmitt v. Younique LLC*, 2017 WL 10574060, at *4 (C.D. Cal. Dec. 4, 2017).

With respect to Count 10, plaintiffs fail to allege any violation of the California Corporations Code sections 25401 and 25501 by Mr. Curry because there is no securities violation and there is no direct privity between Mr. Curry and plaintiffs. *Jackson v. Fischer*, 2013 WL 1089860, at *11 (N.D. Cal. Mar. 15, 2013).

With respect to Counts 1-3, plaintiffs have not alleged any violation of the California Unfair Competition Law by Mr. Curry because they have not alleged any unlawful, unfair, or fraudulent practice on his part (*In re Hydroxycut Mktg. & Sales Pracs. Litig.*, 801 F. Supp. 2d 993, 1012 (S.D. Cal. 2011) (quoting *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002)); they lack statutory standing to pursue these claims against him (*Kwikset Corp. v. Superior Ct.*, 246 P.3d 877, 885 (Cal. 2011)); and they fail to plead recoverable remedies against him (*Sugarman v. Brown*, 73 Cal. App. 5th 152, 164 (2021)).

With respect to Count 13, there is no cause of action for unjust enrichment under California law (*Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)), but even if there were, plaintiffs have not alleged that Mr. Curry received, let alone unjustly retained, any benefit from any plaintiff (*see Fast Access Specialty Therapeutics, LLC v. UnitedHealth Grp., Inc.*, 532 F. Supp. 3d 956, 970 (S.D. Cal. 2021)) nor that plaintiffs' remedies at law are inadequate (*Rabin v. Google LLC*, 2023 WL 4053804, at *13 (N.D. Cal. June 15, 2023)).

Curry's motion to dismiss the First Amended Class Action Complaint is therefore **GRANTED**, and the claims against Mr. Curry are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

DATED: _____

_____

The Honorable Fernando M. Olguin
UNITED STATES DISTRICT JUDGE

PROPOSED ORDER GRANTING CURRY'S MOTION TO DISMISS