DEAN S. KRISTY (CSB No. 157646)
dkristy@fenwick.com
JENNIFER C. BRETAN (CSB No. 233475)
jbretan@fenwick.com
TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
ETHAN M. THOMAS (CSB. No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone: 415.875.2300
Facsimile:  415.281.1350

MELISSA L. LAWTON (CSB No. 225452)
mlawton@fenwick.com
FENWICK & WEST LLP
228 Santa Monica Boulevard, Suite 300
Santa Monica, CA 90401
Telephone: 310.554.5400

REBECCA MATSUMURA (*admitted pro hac vice*)
rmatsumura@fenwick.com
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone:  206.389.4510

Attorneys for Defendants Alexis Ohanian,
Amy Wu, and Maaria Bajwa

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| JOHNNY JOHNSON, EZRA BOEKWEG, MARIO PALOMBINI, and ADAM TITCHER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>YUGA LABS, INC., et al.,<br><br>Defendants. | Case No.: 2:22-cv-08909-FMO-PLA<br><br>**[PROPOSED] ORDER GRANTING ALEXIS OHANIAN, AMY WU, AND MAARIA BAJWA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: November 30, 2023<br>Time: 10:00 AM<br>Courtroom:  6D<br>Judge: Hon. Fernando M. Olguin |

[Proposed] Order Granting Special Council Defs.' Mot. To Dismiss FAC

Case No. 2:22-cv-08909-FMO-PLA

The motion of defendants Alexis Ohanian, Amy Wu, and Maaria Bajwa (collectively, the "Special Council" defendants) to dismiss plaintiffs' First Amended Class Action Complaint (the "FAC") came regularly for hearing before the Court on November 30, 2023. The parties were represented by their respective counsel of record.

After considering the papers submitted by the parties and the argument of counsel, the Court finds that plaintiffs have not satisfied the requirements of Fed. R. Civ. P. 9(b), 12(b)(6) and 12(b)(2) and the Private Securities Litigation Reform Act of 1995 ("PSLRA") and have not alleged facts sufficient to state a claim for violation of Sections 10(b) or 20(a) of the Securities Exchange Act of 1934, Sections 5, 12(a)(1) or 15 of the Securities Act of 1933, Section 17200 of the California Unfair Competition Law, Sections 25110, 25503, 25401, 25501, 25400, 25500, 25403(b), 25504 or 25504.1 of the California Corporations Code, or unjust enrichment.

The Court holds that:

1. All of plaintiffs' claims impermissibly use "group" pleading rather than identifying the alleged conduct by the Special Council;

2. Plaintiffs fail to plead that the Special Council controlled other defendants (Claims 5, 9 and 12);

3. Plaintiffs fail to state a claim under § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder (Claims 7 and 8) and Cal. Corp. Code §§ 25401 and 25501 (Claims 10 and 11) where plaintiffs have failed to plead that each Special Council member made a false or misleading statement, the intent to defraud, reliance on any statement by the Special Council, loss causation, or "scheme" liability;

4. Plaintiffs fail to state a claim under §§ 5 and 12(a)(1) of the Securities Act of 1933 (Claim 4) or under Cal. Corp. Code §§ 25110 and 25503 (Claim 6) because the Special Council is not a "statutory seller" under these laws

plaintiffs were not in privity with them, and plaintiffs do not allege reliance on any statement of the Special Council;

5. Plaintiffs fail to state a claim for the violation of the California Unfair Competition Law (Claims 1-3);

6. Plaintiffs fail to state an unjust enrichment claim as to the Special Council (Claim 13);

7. Because the federal securities law claims fail, personal jurisdiction over Mr. Ohanian is absent.

While leave to amend is liberally granted, plaintiffs have already filed a very long FAC (218 pages, with 699 paragraphs), presumably in an attempt to leave nothing out and, in any event, this is not a case where the defects can be cured by more pleading as to the Special Council. Thus, it is HEREBY ORDERED that the Special Council defendants' motion to dismiss is GRANTED and the FAC is DISMISSED AS TO THE SPECIAL COUNCIL DEFENDANTS WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: _____    _____
The Honorable Fernando M. Olguin
United States Magistrate Judge