NEAL A. POTISCHMAN (SBN 254862)
  neal.potischman@davispolk.com
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-3621

DANA M. SESHENS
  dana.seshens@davispolk.com
  (*pro hac vice* application pending)
DANIEL J. SCHWARTZ
  daniel.schwartz@davispolk.com
  (*pro hac vice* application pending)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5855

ANJANI MANDAVIA (SBN 94092)
  amandavia@mandaviallp.com
MANDAVIA EPHRAIM + BURG LLP
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 556-9694
Facsimile: (310) 492-9868

Attorneys for Defendants
UNIVERSAL TELEVISION, LLC,
JAMES FALLON, and ELECTRIC HOT DOG, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| JOHNNY JOHNSON, EZRA BOEKWEG, MARIO POLOMBINI and ADAM TITCHER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>YUGA LABS, Inc., *et al*.,<br><br>Defendants. | Case No. 2:22-cv-08909-FMO-PLA<br><br>**UNIVERSAL DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:       November 30, 2023<br>Time:       10:00am<br>Dept:       Courtroom 6D<br>Judge:      Hon. Fernando M. Olguin |

PLEASE TAKE NOTICE that on November 30, 2023 at 10:00am, or as soon thereafter as the matter may be heard, in Courtroom 6D, 6th Floor, 350 W. 1st Street, Los Angeles, CA 90012, defendants Universal Television, LLC, James Fallon, and Electric Hot Dog, Inc. (the "Universal Defendants") will and hereby do move the Court for an order dismissing the claims against the Universal Defendants in the First Amended Complaint with prejudice.  This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 1, 2023.

Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act of 1995 on the grounds that Plaintiffs fail to state a claim for: (i) violation of Sections 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), and Rule 10b-5(a), (c) promulgated thereunder, 17 C.F.R.§ 240.10b-5(a), (c); (ii) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq*.; (iii) violation of Cal. Corp. Code §§ 25401 & 25501; or (iv) "unjust enrichment/restitution" under California common law.  This motion is based on this Notice of Motion, the supporting Memorandum of Points and Authorities, other materials in the record, the arguments contained in the briefing submitted by Yuga Labs, Inc. and the other defendants to the extent applicable to the Universal Defendants, argument of counsel, and such other matters as the Court may consider.

Dated:  September 12, 2023            DAVIS POLK & WARDWELL LLP

                                By:  */s/ Neal A. Potischman*

                                     NEAL A. POTISCHMAN (SBN 254862)
                                       neal.potischman@davispolk.com
                                     1600 El Camino Real
                                     Menlo Park, California 94025
                                     Telephone: (650) 752-2000
                                     Facsimile: (650) 752-3621

                                     DANA M. SESHENS
                                       dana.seshens@davispolk.com
                                       (*pro hac vice* application pending)
                                     DANIEL J. SCHWARTZ
                                       daniel.schwartz@davispolk.com
                                       (*pro hac vice* application pending)
                                     DAVIS POLK & WARDWELL LLP
                                     450 Lexington Avenue
                                     New York, New York 10017
                                     Telephone: (212) 450-4000
                                     Facsimile: (212) 701-5855

                                     ANJANI MANDAVIA (SBN 94092)
                                       amandavia@mandaviallp.com
                                     MANDAVIA EPHRAIM + BURG LLP
                                     1801 Century Park East, Suite 2400
                                     Los Angeles, CA 90067
                                     Telephone: (310) 556-9694
                                     Facsimile: (310) 492-9868

                                     Attorneys for Defendants
                                     UNIVERSAL TELEVISION, LLC,
                                     JAMES FALLON, and ELECTRIC HOT
                                     DOG, INC.

# TABLE OF CONTENTS

PAGE

INTRODUCTION ........................................................................................ 1

BACKGROUND ......................................................................................... 2

    A.    The Limited Allegations Concerning the Universal
           Defendants ................................................................................. 2

    B.    Claims Against the Universal Defendants ............................... 4

ARGUMENT .............................................................................................. 4

I.    Plaintiffs' Scheme Liability Claim Under Section 10(b) and  Rule
     10b-5(a) and (c) Fails ....................................................................... 4

    A.    Plaintiffs Fail to Plead a Deceptive or Manipulative  Act
           Undertaken by the Universal Defendants ................................. 5

           1.    Plaintiffs Fail to Allege a Material Misstatement or
                  Omission by Any Universal Defendant ........................... 5

           2.    Plaintiffs Fail to Plead That Any Universal Defendant
                  Acted with Scienter ........................................................ 8

           3.    Plaintiffs Fail to Plead Reliance or Materiality ......................... 9

           4.    Plaintiffs Fail to Plead Loss Causation .................................... 11

    B.    California State Law Claims ................................................... 11

           1.    California Corporations Code §§ 25401 & 25501 ................... 11

           2.    Unfair Competition Law ........................................................ 12

           3.    Unjust Enrichment / Restitution .............................................. 12

            4.    The Court Should Decline to Exercise Personal
                  Jurisdiction over Fallon and EHD ........................................ 13

CONCLUSION ............................................................................................ 14

# TABLE OF AUTHORITIES

P<small>AGE</small>

## **Cases**

*Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*,
158 Cal. App. 4th 226 (2007).................................................................................12

*Bodri v. GoPro, Inc.*,
252 F. Supp. 3d 912 (N.D. Cal. 2017) ....................................................................4

*Bostick v. Gen. Motors, LLC*,
2020 WL 13283478 (C.D. Cal. July 22, 2020) ......................................................13

*Brody v. Transitional Hosps. Corp.*,
280 F.3d 997 (9th Cir. 2002)....................................................................................6

*Chiarella v. United States*,
445 U.S. 222 (1980) ..................................................................................................7

*Cullen v. Shutterfly Lifetouch, LLC*,
2021 WL 2000247 (N.D. Cal. May 19, 2021) ......................................................14

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ................................................................................................13

*Eur. Travel Agency Corp. v. Allstate Ins. Co.*,
600 F. Supp. 3d 1099 (C.D. Cal. 2022)..................................................................13

*Goldberg v. Rome McGuigan, P.C.*,
2021 WL 3520725 (C.D. Cal. Apr. 23, 2021) ......................................................14

*Huberman v. Tag-It Pac. Inc.*,
314 F. App'x 59 (9th Cir. 2009)..............................................................................10

*In re Diasonics Securities Litig.*,
599 F. Supp. 447 (N.D. Cal. 1984).........................................................................12

*In re Ethereummax Inv. Litig.*,
No. 22-cv-00163 (C.D. Cal. Dec. 6, 2022) ...........................................................10

*In re Fusion-io, Inc. Sec. Litig.*,
2015 WL 661869 (N.D. Cal. Feb. 12, 2015)..........................................................10

*In re Nektar Therapeutics*,
2020 WL 3962004 (N.D. Cal. July 13, 2020)..........................................................9

*In re Rigel Pharms., Inc. Sec. Litig.*,
697 F.3d 869 (9th Cir. 2012).....................................................................................8

*Jackson v. Fischer*,
931 F. Supp. 2d 1049 (N.D. Cal. 2013) .................................................................12

iv

*Jett v. Sunderman*,
   840 F.2d 1487 (9th Cir. 1988) ............................................................ 7

*Kang v. PayPal Holdings, Inc.*,
   620 F. Supp. 3d 884 (N.D. Cal. 2022) ................................................ 5

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ............................................................... 6

*McBride v. Boughton*,
   123 Cal. App. 4th 379 (2004) ............................................................ 13

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
   540 F.3d 1049 (9th Cir. 2008) .................................................. 6, 8, 11

*Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*,
   774 F.3d 598 (9th Cir. 2014) ................................................... 8, 10, 11

*Peterson v. Cellco P'ship*,
   164 Cal. App. 4th 1583 (2008) .......................................................... 13

*Prodanova v. H.C. Wainwright & Co.*,
   993 F.3d 1097 (9th Cir. 2021) ........................................................ 8, 9

*Rabin v. Google LLC*,
   2023 WL 4053804 (N.D. Cal. June 15, 2023) ................................... 12

*Rentea v. Janes*,
   2011 WL 5822255 (C.D. Cal. Nov. 16, 2011) .................................. 10

*Retail Wholesale & Dep't Store Union Loc. 338 Ret. Fund v. Hewlett-Packard Co.*,
   845 F.3d 1268 (9th Cir. 2017) ............................................................ 7

*Rubke v. Capitol Bancorp Ltd.*,
   551 F.3d 1156 (9th Cir. 2009) ............................................................ 7

*Schroeder v. United States*,
   569 F.3d 956 (9th Cir. 2009) ............................................................. 12

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ............................................................. 13

*ScripsAmerica, Inc. v. Ironridge Glob. LLC*,
   119 F. Supp. 3d 1213 (C.D. Cal. 2015) ............................................ 11

*SEC v. Seaboard Corp.*,
   677 F.2d 1289 (9th Cir. 1982) .......................................................... 12

*Sharp v. Arena Pharms., Inc.*,
   2013 WL 12094819 (S.D. Cal. Mar. 29, 2013) ................................ 12

*Simpson v. AOL Time Warner Inc.*,
   452 F.3d 1040 (9th Cir. 2006) ............................................................ 5

*Stoneridge Inv. Partners, LLC v. Sci.-Atlanta,*
   552 U.S. 148 (2008) ............................................................................... 10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
   551 U.S. 308 (2007) ................................................................................. 8

*Weston Fam. P'ship LLLP v. Twitter, Inc.,*
   29 F.4th 611 (9th Cir. 2022) ................................................................... 6

*Zucco Partners LLC v. Digimarc Corp.,*
   552 F.3d 981 (9th Cir. 2009) .................................................................. 9

**<u>Statutes</u>**

15 U.S.C. § 78u-4(b)(1) .............................................................................. 7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNIVERSAL DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT – CASE NO. 2:22-08909-FMO-PLA

# INTRODUCTION

Plaintiffs' First Amended Complaint ("FAC," ECF No. 114) is long on rhetoric and speculation, but short on factual allegations—let alone well-pled and particularized ones—concerning James Fallon, Universal Television, LLC ("UTV"), and Electric Hot Dog, Inc. ("EHD") (collectively, "the Universal Defendants"). Although Plaintiffs hypothesize about various alleged misstatements, omissions, and "schemes" purportedly intended to fraudulently induce "investors" to buy or hold a variety of digital products, the vast majority of the FAC has nothing to do with the Universal Defendants.

Of the five digital products discussed in the FAC (the "Products"), the allegations concerning the Universal Defendants relate to only one of them, Bored Ape Yacht Club ("BAYC") non-fungible tokens ("NFTs"). No Universal Defendant is alleged to have made any misrepresentation or omission actionable under the federal securities laws. Of the various putative "schemes" identified in the FAC, the Universal Defendants purportedly participated in only one of them, concerning supposedly "misleading celebrity endorsements." Indeed, Plaintiffs' entire theory as to the Universal Defendants rests on allegations that Fallon and two guests on the *Tonight Show* discussed BAYC NFTs during two brief interview segments (that were then referenced in a few related social media posts) without disclosing that Fallon, "upon information and belief," holds an interest in the Products and/or in defendant MoonPay.

The federal securities laws reach only fraud in connection with the purchase or sale of securities. That is not this case. Celebrities discussing NFTs that they acquired is not securities fraud, and Plaintiffs' allegations are entirely insufficient to state such a claim against the Universal Defendants. The FAC lacks ***any*** plausible allegations of a deceptive or manipulative act by a Universal Defendant, much less a material one, contains no allegations of scienter or reliance as to the Universal Defendants, and fails to plead facts plausibly supporting loss causation. These pleading deficiencies mandate dismissal of Plaintiffs' securities fraud claims against

1

the Universal Defendants, as well as Plaintiffs' state law claims (to the extent the Court even has personal jurisdiction).

## BACKGROUND

Plaintiffs allege that "Defendants" (without specification) conspired to carry out various "schemes" and engage in other wrongful conduct to inflate the price of various digital entertainment products created by Defendant Yuga Labs, Inc. ("Yuga")—including BAYC NFTs, Mutant Ape Yacht Club NFTs, Bored Ape Kennel Club NFTs, Otherdeed NFTs, and ApeCoin fungible cryptocurrency tokens—that allegedly are unregistered securities.  (*See generally* FAC ¶¶ 117-453.) According to Plaintiffs, they did so to induce Plaintiffs to buy these Products to enrich Defendants at the expense of "an unsuspecting public."  (*Id*. ¶ 4.)

### A.    The Limited Allegations Concerning the Universal Defendants

As to the Universal Defendants, the FAC alleges that Fallon and other so-called "Promoter Defendants" (referred to herein as the "Celebrity Defendants") made various statements to promote BAYC NFTs that purportedly failed to disclose that (i) they had financial interests in the Products or in Defendant MoonPay USA LLC ("MoonPay") and/or (ii) the Celebrity Defendants were paid to publicly endorse the Products.  (*Id*. ¶¶ 4-5.)

The principal allegations against the Universal Defendants relate to two *Tonight Show* segments that aired on November 11, 2021, and January 24, 2022, in which BAYC NFTs were mentioned.  (*Id*. ¶¶ 160-66, 188-95.)  In the first segment, the FAC alleges that Fallon and his guest, Defendant Mike "Beeple" Winklemann, briefly discussed BAYC NFTs and MoonPay, and Fallon stated that he purchased a BAYC NFT using MoonPay's services.  (*Id*. ¶ 160.)  Plaintiffs further claim that, "[u]pon information and belief, MoonPay and/or [Defendant Guy] Oseary, along with the Executive Defendants, recruited and paid Fallon and Winkelmann to promote both MoonPay and the BAYC collection of NFTs[.]"  (*Id*.)  The FAC, however, fails to supply any factual basis to support their assertion that Fallon was

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNIVERSAL DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT – CASE NO. 2:22-08909-FMO-PLA

promoting anything or that he was paid for his statements.

In the second segment, *Tonight Show* guest Defendant Paris Hilton stated that she also got a BAYC NFT via MoonPay, and the two discussed why each of them chose their specific NFTs.  (*Id*. ¶ 188.)  Plaintiffs assert that "the entire [January 24, 2022] *Tonight Show* segment was just a paid promotion for the BAYC collection of NFTs and MoonPay" (*id*. ¶ 194) because, according to Plaintiffs, "[u]pon information and belief, each of the [Celebrity] Defendants received a BAYC NFT and/or other fiat or cryptocurrency from MoonPay and/or Yuga as compensation" for promoting the sale of BAYC NFTs (*id*. ¶ 166).  Again, however, the FAC offers no facts to support this allegation.  The FAC further avers that Fallon's and the *Tonight Show*'s respective social media accounts published posts promoting BAYC NFTs, and that these posts similarly omitted information about Fallon's purported financial interests.  (*Id*. ¶¶ 160-66, 181-82, 188-95.)  Plaintiffs, however, do not plead facts explaining *why* these posts were materially misleading—much less how they were materially misleading in connection with anyone's purchase of a Product—even if their averments that Fallon was paid for his supposed endorsement could be credited.

Based solely on these two segments and the related social media posts, Plaintiffs claim that the Universal Defendants engaged in a scheme to defraud purchasers of BAYC NFTs.  The FAC, however, lacks any well-pled factual allegations concerning such a scheme, which is remarkably ill-defined notwithstanding the FAC's nearly 700 paragraphs of allegations.  Nor does the FAC allege any coordination or communication between Fallon or any Universal Defendant, on the one hand, and Oseary, anyone at Yuga or MoonPay (or even the vast majority of the Celebrity Defendants), on the other hand.[1]

---

[1] According to the FAC, UTV and EHD each exercise control over Fallon and the content and disclosures of the *Tonight Show*.  (FAC ¶¶ 32-33.)  By virtue of this alleged control, Plaintiffs assert that each of UTV and EHD "acted as a spokesperson" for Yuga.  (*Id*.)

**B.    Claims Against the Universal Defendants**

Plaintiffs assert six of their thirteen causes of action against the Universal Defendants.  (*See* FAC ¶¶ 476-699.)  These include (i) scheme liability under Section 10(b) of the Securities Exchange Act of 1934 ("Section 10(b)") and Rule 10b-5(a) and (c) thereunder (Count 8, *id*. ¶¶ 633-646); (ii) three counts for violation of California's Unfair Competition Law ("UCL"), via three alternative theories (Counts 1-3, *id*. ¶¶ 476-558); (iii) violation of Cal. Corp. Code §§ 25401 & 25501 (Count 10, *id*. ¶¶ 655-669); and (iv) "unjust enrichment/restitution" under California common law (Count 13, *id*. ¶¶ 694-699).

## ARGUMENT

The Universal Defendants join in the arguments made in the memorandum filed in support of the Yuga Defendants' motion to dismiss (the "Yuga Brief") and in the motions to dismiss filed by any other Defendant to the extent those motions raise arguments applicable to the Universal Defendants.[2]  In addition, each of the causes of action asserted against the Universal Defendants fails as a matter of law for the independent reasons set forth below.[3]

**I.    Plaintiffs' Scheme Liability Claim Under Section 10(b) and Rule 10b-5(a) and (c) Fails**

The FAC fails to plead particularized facts plausibly supporting multiple elements of a securities fraud claim based on so-called "scheme liability."  Among other failures, Plaintiffs do not sufficiently allege (1) any deceptive or manipulative act by the Universal Defendants in furtherance of the alleged scheme; (2) scienter; (3) materiality or reliance upon the alleged deceptive or manipulative act; and (4) loss causation.  *See Bodri v. GoPro, Inc.*, 252 F. Supp. 3d 912, 922 (N.D. Cal. 2017).  As

---

[2] In particular, and without limitation, the Universal Defendant adopt and incorporate the following sections of the Yuga Brief as bases for dismissal of the claims against them:  III.A, III.D, III.E, III.G, III.I, III.J, III.K, III.L.

[3] The Universal Defendants disagree with Plaintiffs' assertion that BAYC NFTs—the only Product relevant to the claims against them—are securities under federal or California law.  The Universal Defendants expressly reserve their right to argue as much, if necessary, at a later stage of these proceedings.

noted above, the only alleged "scheme" that involves the Universal Defendants is that related to supposed "misleading celebrity endorsements." (*See* FAC ¶¶ 151-248.) This claim is entirely deficient.

### A. Plaintiffs Fail to Plead a Deceptive or Manipulative Act Undertaken by the Universal Defendants

Plaintiffs appear to base their "scheme liability" claim against the Universal Defendants on alleged misstatements and omissions concerning Fallon's purported interest in the Products and/or MoonPay. Yet Plaintiffs conspicuously do not name any Universal Defendant in their Rule 10b-5(b) misstatement claim (Count 7). The Universal Defendants could not have engaged in purported deception when their only alleged conduct consists of making statements that are not alleged to have been actionably false or misleading. *See Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 902 (N.D. Cal. 2022) (where plaintiffs "have failed to plausibly allege that any of the statements in the complaint were false or misleading, they do not allege any false or misleading conduct."). Plaintiffs thus fail at the outset to allege that the Universal Defendants committed a deceptive or manipulative act via their "[own] conduct that had the principal purpose and effect of creating a false appearance of fact in furtherance of the scheme." *Simpson v. AOL Time Warner Inc.*, 452 F.3d 1040, 1048 (9th Cir. 2006), *vacated on other grounds sub nom. Simpson v. Homestore.com, Inc.*, 519 F.3d 1041, 1041-42 (9th Cir. 2008). For this reason alone, their scheme liability claim should be dismissed.

### 1. Plaintiffs Fail to Allege a Material Misstatement or Omission by Any Universal Defendant

As noted above, Plaintiffs' only attempt to allege any deceptive conduct by the Universal Defendants relies on a small handful of statements in two segments of the *Tonight Show*, months apart, and a few related posts to social media. Plaintiffs do not, and cannot, allege that the statements were materially false or misleading.

To plead falsity, a plaintiff must plead facts indicating that a challenged statement "directly contradict[s] what the defendant knew at that time." *Weston Fam.*

*P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617 (9th Cir. 2022) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018)).  To allege that a statement is misleading, a plaintiff must identify an omission that "affirmatively create[s] an impression of a state of affairs that differs in a material way from the one that actually exists."  *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002).  By contrast, conclusory allegations that a statement was incomplete or should have disclosed more are generally not actionable because there is no "'duty to make [statements] complete and accurate'" under the securities laws.  *Brody*, 280 F.3d at 1006.

The FAC fails to satisfy these standards.  Plaintiffs allege that statements made by Fallon during the Beeple and Hilton *Tonight Show* segments, along with related social media posts, failed to disclose that Fallon supposedly "had a financial interest in MoonPay or that he was likewise financially interested, directly or indirectly, in the increased sale and popularity of [the Products]."  (FAC ¶ 161.)  But the FAC fails to explain how a supposed undisclosed interest in *MoonPay* (in which no Plaintiff alleges to have purchased a securitized interest) could be misleading, let alone relevant or material, to a supposed scheme related to sales of *Yuga*-related NFTs.  *See*, *e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1071 (9th Cir. 2008) (alleged omissions insufficient where plaintiff was "unable to connect their non-disclosure with any statement by [Defendants] . . . rendered false or misleading due to the omission").

Moreover, the FAC lacks any factual allegations supporting the inference that Fallon's purportedly undisclosed financial interests even existed.  Rather, Plaintiffs merely allege that (i) "upon information and belief, [Fallon] received a BAYC NFT and/or other fiat or cryptocurrency from MoonPay and/or Yuga" in exchange for Fallon's promotion of the BAYC NFTs and (ii) he was "one of the early investors in MoonPay."  (*Id.* ¶¶ 5, 166.)  Both of these allegations are entirely conclusory and lack the "who, what, when, where, and how" required by Rule 9(b) and the PSLRA.

6

Under the PSLRA, moreover, a complaint alleging false or misleading statements based on information and belief must "state with particularity *all* facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1) (emphasis added). Plaintiffs' failure to allege ***any*** such facts—let alone "with particularity"—means that Plaintiffs' allegations of undisclosed financial interests should be ignored. *See Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1166 (9th Cir. 2009).

Furthermore, even if Plaintiffs had adequately alleged the existence of these financial interests, Plaintiffs' claims fail because they nowhere allege that the Universal Defendants had any duty to disclose this information. *Retail Wholesale & Dep't Store Union Loc. 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1278 (9th Cir. 2017) (affirming dismissal where defendants had no duty to disclose); *Chiarella v. United States*, 445 U.S. 222, 234-35 (1980) (holding that, as to Section 10(b), "[w]hen an allegation of fraud is based upon nondisclosure, there can be no fraud absent a duty to speak"). Parties "owe no duty of disclosure to one another absent a fiduciary or agency relationship, prior dealings, or circumstances such that one party has placed trust and confidence in the other." *Jett v. Sunderman*, 840 F.2d 1487, 1493 (9th Cir. 1988) (citing *Chiarella*, 445 U.S. at 232). Plaintiffs have alleged no such relationship or prior dealings with the Universal Defendants.

Plaintiffs' allegations concerning certain Fallon and *Tonight Show* social media posts fare no better. Indeed, the FAC's allegations that Fallon's posts of his BAYC NFT wearing a boat captain's hat and operating a boat "gave investors the false impression that Fallon was going to be a leader or 'captain'" in the BAYC community are implausible and absurd on their face. (*See* FAC ¶¶ 181-82.) Nor is there anything misleading or deceptive about a post from Fallon containing a link to a video of the Hilton interview and including the hashtag "#WAGMI." (*Id*. ¶ 191.) Plaintiffs allege that the "inclusion of this hashtag . . . suggested to investors that Defendant Fallon was personally aligned with them" (*id.*), but that is just another implausible inference that lacks any facts to support it. At most, these statements are

1   the sort of "mildly optimistic, subjective assessment[s]" that do not "amount[] to a

2   securities violation." *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598,

3   606 (9th Cir. 2014).

### 2. Plaintiffs Fail to Plead That Any Universal Defendant Acted with Scienter

Plaintiffs satisfy no part of the scienter inquiry.  They allege **no** facts—
particularized or otherwise—from which any inference, let alone a strong one, can
be drawn that any Universal Defendant engaged in intentionally misleading or
deliberately reckless conduct.[4]   *See Metzler*, 540 F.3d at 1066 (explaining that
plaintiffs must allege facts supporting a strong inference that is both "cogent and at
least as compelling as any opposing inference of nonfraudulent intent" (quoting
*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007))).  A plaintiff
can only satisfy the scienter requirement by alleging "specific facts . . . that strongly
suggest[] actual intent"; allegations of "mere motive and opportunity" are not
sufficient.  *Prodanova v. H.C. Wainwright & Co.*, 993 F.3d 1097, 1108 (9th Cir.
2021).  But the "lack of a plausible motive certainly makes it much less likely that a
plaintiff can show a strong inference of scienter."  *Id.*

Here, Plaintiffs do not even allege facts to support an inference of motive—
insufficient as those allegations would be on their own—and they certainly do not
allege the "compelling and particularized facts" necessary to overcome the lack of
any alleged plausible motive.  *Id.*  There is no plausible allegation, for example, that
Fallon or any other Universal Defendant stood to benefit from increased sales of
BAYC NFTs or sales at inflated prices; indeed, there is not even an allegation that
any Universal Defendant ever sold a BAYC NFT.  Nor can Plaintiffs rely on Fallon's
mere alleged ownership of a single BAYC NFT to plausibly plead motive, much less
create a strong inference of scienter.  *See In re Rigel Pharms., Inc. Sec. Litig.*, 697
F.3d 869, 884-85 (9th Cir. 2012) (supposed motive to "conceal the [truth]" to obtain

---

[4] Nor do Plaintiffs' allege that any such state of mind could be imputed either to UTV
or EHD.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNIVERSAL DEFENDANT'S MOTION
TO DISMISS THE FIRST AMENDED COMPLAINT – CASE NO. 2:22-09809-FMO-PLA

1  stock options and increase their value did not support inference of scienter,

2  particularly where defendant did not sell any stock).  Further, there are no allegations

3  that Fallon or any other Universal Defendant coordinated or conspired with any other

4  alleged participants in the "celebrity endorsement" scheme, including Yuga, Oseary,

5  and MoonPay.[5]

6          As a result, whether considered individually or holistically, the FAC's vague

7  and generic allegations as to the Universal Defendants fail to plead scienter.  *See,*

8  *e.g.*, *In re Nektar Therapeutics*, 2020 WL 3962004, at *15 (N.D. Cal. July 13, 2020)

9  (complaint did not permit strong inference of scienter where plaintiffs' theory of the

10  case did not explain how defendants' alleged actions were "indicative of scienter" or

11  "would necessarily reflect knowledge or intent to deceive"); *see also Prodanova*, 993

12  F.3d at 1107 (plaintiffs' assertion that defendant "had an interest in 'generat[ing]

13  buying activity at an artificially inflated price'" did not permit strong inference of

14  scienter where theory of motive was implausible).

15              **3.    Plaintiffs Fail to Plead Reliance or Materiality**

16          Plaintiffs' conclusory allegations of reliance in no way identify the specific

17  information on which they supposedly relied, or how or in what way they relied on

18  statements made on the *Tonight Show* and in related social media posts.  (*See*, *e.g.*,

19  FAC ¶¶ 164, 182, 193 (stating only that Plaintiffs "were induced to purchase and/or

20  continue to hold [Products] as a result of these misleading promotions")).[6]  Nor could

21  they.  No reasonable investor would rely on allegedly promotional statements on the

22  *Tonight Show* (or related social media posts) to make a supposed investment decision

23  involving tens, if not hundreds, of thousands of dollars, particularly one concerning

24

25  ───────────────
    [5] Also notably absent from the FAC are any allegations reflecting indicia of scienter
26  that have been recognized by courts in this Circuit.  *See generally Zucco Partners
    LLC v. Digimarc Corp.*, 552 F.3d 981, 1000-07 (9th Cir. 2009).

27  [6] Allegations that Plaintiffs were induced to "hold" Products, moreover, are irrelevant
    to their claim under Rule 10b-5, which only authorizes private civil claims based on
28  purchases and sales of securities, not "holder" claims.  *See Blue Chip Stamps v.
    Manor Drug Stores*, 421 U.S. 723, 754-55 (1975).

a relatively new digital product (NFTs).  *See Or. Pub. Emps. Ret. Fund*, 774 F.3d at 606-07; *Rentea v. Janes*, 2011 WL 5822255, at *4 (C.D. Cal. Nov. 16, 2011) (reliance not pled where plaintiff had "not established that [] statement [was] . . . material" and reliance allegations were otherwise non-specific); *In re Ethereummax Inv. Litig.*, No. 22-cv-00163 (C.D. Cal. Dec. 6, 2022), ECF No. 99 at 1 ("[T]he law . . . expects investors to act reasonably before basing their bets on the zeitgeist of the moment."). Indeed, Plaintiffs' failure to plead reasonable reliance is not surprising given the plainly immaterial nature of the information that the Universal Defendants allegedly failed to disclose.  *See In re Fusion-io, Inc. Sec. Litig.*, 2015 WL 661869, at *14-16 (N.D. Cal. Feb. 12, 2015) (deeming generalized, positive discussion as nonactionable and immaterial because no reasonable investor would rely on such statements).

Even Plaintiffs' own allegations and PSLRA Certifications regarding their purchases of Products demonstrate that they did not actually rely on any statement by a Universal Defendant. (ECF Nos. 1, 74-2.)  Of the named Plaintiffs, only Johnson and Boekweg claim to have purchased any NFTs around the time of the *Tonight Show* segments and social media posts at issue.  (ECF No. 74-2 at 8, 23.)  But, critically, none of these near-contemporaneous purchases involved a BAYC NFT—the ***only*** Product with which any Universal Defendant is alleged to have been involved—and the FAC does not even allege that Boekweg (the only named Plaintiff that claims to have ever purchased a BAYC NFT) relied upon any statements or posts, let alone ones associated with the Universal Defendants.  (*See* FAC ¶¶ 455, 460.)

Plaintiffs similarly have not shown that they are entitled to a presumption of reliance under the "fraud-on-the-market doctrine."  *Stoneridge Inv. Partners, LLC v. Sci.-Atlanta*, 552 U.S. 148, 159 (2008).  To invoke that theory, Plaintiffs must plausibly allege that the relevant market is "efficient," meaning that it "rapidly reflects new information in price, such that [] prices fully reflect all available information."  *Huberman v. Tag-It Pac. Inc.*, 314 F. App'x 59, 63 (9th Cir. 2009). The FAC contains no such allegations.  (*See, e.g.*, FAC ¶¶ 10-12 (failing to identify

10

exchange on which Johnson, Boekweg, and Palombini purchased Products), 50 (stating only that cryptocurrency exchanges can be either centralized or decentralized and listing six distinct exchanges).)  Absent plausible factual allegations supporting market efficiency, Plaintiffs cannot invoke the presumption of reliance.  *See ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1251-58 (C.D. Cal. 2015) (collecting cases) (explaining that over-the-counter markets were not efficient).

### 4.   Plaintiffs Fail to Plead Loss Causation

In addition to the reasons set forth in the Yuga Brief, Plaintiffs fail to plead loss causation as to the Universal Defendants because they do not allege any corrective disclosures regarding Fallon's supposed payment by Yuga or financial interest in MoonPay.  *See Metzler,* 540 F.3d at 1063 (complaint "must allege that the practices that the plaintiff contends are fraudulent were revealed to the market and caused the resulting losses").  Indeed, Plaintiffs' loss causation allegations (FAC ¶¶ 613-32) do not even mention the Universal Defendants and explicitly attribute their losses to the alleged misconduct of *other* Defendants (*id.* ¶¶ 615, 629).  While Plaintiffs generically reference the market's purported discovery of "the truth concerning the celebrity promotions" (*id.* ¶ 616), there are no supporting factual allegations—let alone ones connecting Plaintiffs' asserted losses to the Universal Defendants.  These pleading gaps are fatal.  *See Or. Pub. Emps. Ret. Fund*, 774 F.3d at 608 (finding no loss causation, given failure to allege "subsequent public disclosures" that "made untrue or called into question" defendants' "specific statements").

### B.   California State Law Claims

### 1.   California Corporations Code §§ 25401 & 25501

Plaintiffs' failure to allege any actionable misstatement, omission, or fraudulent scheme equally dooms their claim under Corporations Code Sections 25401 and 25501—California's securities law anti-fraud provisions.

11

This claim also fails against the Universal Defendants because it is blackletter law that "Sections 25401 and 25501 impose liability only on the actual seller of the security." *Jackson v. Fischer*, 931 F. Supp. 2d 1049, 1063 (N.D. Cal. 2013) (citing *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 253-54 (2007)); *accord SEC v. Seaboard Corp.*, 677 F.2d 1289, 1296 (9th Cir. 1982). This "strict privity" requirement bars claims where, as here, the plaintiff does not plead that it purchased the security directly from the defendant. *In re Diasonics Securities Litig.*, 599 F. Supp. 447, 458-59 (N.D. Cal. 1984); *Sharp v. Arena Pharms., Inc.*, 2013 WL 12094819, at *2 (S.D. Cal. Mar. 29, 2013). Plaintiffs do not allege that any Universal Defendant ever sold any Products—to a Plaintiff or otherwise—requiring dismissal of this claim.

## 2. Unfair Competition Law

As explained in the Yuga Brief, Plaintiffs' three UCL causes of action are fatally flawed for several distinct, and independently sufficient, reasons. The Universal Defendants hereby incorporate those arguments by reference.

## 3. Unjust Enrichment / Restitution

Plaintiffs' thirteenth cause of action, which they term "unjust enrichment/restitution" is likewise deficient as against the Universal Defendants for at least two reasons.

***First***, an adequate remedy at law is available. *See Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009) ("[E]quitable relief is not appropriate where an adequate remedy exists at law."). Plaintiffs aver that the claim is pled in the alternative in case their state consumer or securities law claims do not succeed. (FAC ¶ 695.) But such "a bald assertion . . . is insufficient . . . because it contains no facts that would support the alternative pleading." *Rabin v. Google LLC*, 2023 WL 4053804, at *12-13 (N.D. Cal. June 15, 2023) (dismissing unjust enrichment claim where plaintiffs "failed to plausibly allege that they lack[ed] an adequate remedy at law" or "why legal remedies [were] inadequate").

***Second***, as to the Universal Defendants, Plaintiffs do not allege the critical elements of an unjust enrichment claim: "the receipt of a benefit and the unjust retention of the benefit at the expense of another." *Eur. Travel Agency Corp. v. Allstate Ins. Co.*, 600 F. Supp. 3d 1099, 1104 (C.D. Cal. 2022) (quoting *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008)). There is ***no*** allegation that any Universal Defendant ever received any financial benefit at the expense of any Plaintiff or putative class member. This glaring omission dooms Plaintiffs' claim, whether it is labeled "unjust enrichment" or "restitution." *See, e.g.*, *McBride v. Boughton*, 123 Cal. App. 4th 379, 389 (2004) (explaining that restitution requires "unjust enrich[ment] at the expense of another").

### 4. The Court Should Decline to Exercise Personal Jurisdiction over Fallon and EHD

Plaintiffs do not plead any conduct sufficient to support specific personal jurisdiction over Fallon and EHD in California in respect of the alleged state law claims. *See, e.g.*, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801-02 (9th Cir. 2004) (to plead specific jurisdiction, plaintiff must allege that defendant "purposefully direct[ed]" conduct towards California, claims "arise out of or relate to" that conduct, and exercising jurisdiction would comport with notions of "fair play and substantial justice"). Instead, Plaintiffs make a conclusory allegation of general personal jurisdiction (FAC ¶ 47) but offer no supporting facts to suggest that Fallon or EHD is effectively "at home" in California. *See, e.g.*, *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014). Nor should the Court exercise pendant personal jurisdiction. Plaintiffs do not even plead that there is federal question jurisdiction for their federal claims (*see* FAC ¶ 44) onto which to "hook" pendant personal jurisdiction for their state-law claims, precluding the exercise of such jurisdiction, *see Bostick v. Gen. Motors, LLC*, 2020 WL 13283478, at *4 (C.D. Cal. July 22, 2020). But even if they had, this and other federal courts routinely decline to exercise pendant personal jurisdiction with respect to state-law claims where, as here, it is apparent that the federal claims—for which there allegedly is jurisdiction—lack

13

merit and there is no independent basis for personal jurisdiction for the state claims. *See, e.g.*, *Goldberg v. Rome McGuigan, P.C.*, 2021 WL 3520725, at *3-4 (C.D. Cal. Apr. 23, 2021); *Cullen v. Shutterfly Lifetouch, LLC*, 2021 WL 2000247, at *4-*5 (N.D. Cal. May 19, 2021).

## CONCLUSION

For the foregoing reasons, the Universal Defendants respectfully request that the Court dismiss the claims asserted against the Universal Defendants in the FAC with prejudice.

14

Dated:  September 12, 2023

DAVIS POLK & WARDWELL LLP

By:  */s/ Neal A. Potischman*

NEAL A. POTISCHMAN (SBN 254862)
  neal.potischman@davispolk.com
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-3621

DANA M. SESHENS
  dana.seshens@davispolk.com
  (*pro hac vice* application pending)
DANIEL J. SCHWARTZ
  daniel.schwartz@davispolk.com
  (*pro hac vice* application pending)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5855

ANJANI MANDAVIA (SBN 94092)
  amandavia@mandaviallp.com
MANDAVIA EPHRAIM + BURG LLP
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 556-9694
Facsimile: (310) 492-9868

Attorneys for Defendants
UNIVERSAL TELEVISION, LLC,
JAMES FALLON, and ELECTRIC HOT
DOG, INC.

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for the Universal Defendants, certifies that this brief contains 4,436 words, which:

_____ complies with the word limit of L.R. 11-6.1

_X_ complies with the world limit set by the Court order dated August 14, 2023.

Dated:  September 12, 2023           DAVIS POLK & WARDWELL LLP

By:  _/s/ Neal A. Potischman_

NEAL A. POTISCHMAN (SBN 254862)
  neal.potischman@davispolk.com
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-3621

DANA M. SESHENS
  dana.seshens@davispolk.com
  (_pro hac vice_ application pending)
DANIEL J. SCHWARTZ
  daniel.schwartz@davispolk.com
  (_pro hac vice_ application pending)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5855

ANJANI MANDAVIA (SBN 94092)
  amandavia@mandaviallp.com
MANDAVIA EPHRAIM + BURG LLP
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 556-9694
Facsimile: (310) 492-9868

Attorneys for Defendants
UNIVERSAL TELEVISION, LLC,
JAMES FALLON, and ELECTRIC HOT
DOG, INC.