1  **MCDERMOTT WILL & EMERY LLP**
   TALA JAYADEVAN (SBN 288121)
2  tjayadevan@mwe.com
   2049 Century Park East, Suite 3200
3  Los Angeles, CA 90067-3206
   Telephone: (310) 284-6148
4  Facsimile: (310) 317-7398

5  JOSEPH B. EVANS (*pro hac vice* application pending)
   jbevans@mwe.com
6  TODD HARRISON (admitted *pro hac vice*)
   tdharrison@mwe.com
7  One Vanderbilt Avenue
   New York, NY 10017-3852
8  Telephone: (212) 547-5767
   Facsimile: (212) 547-5444
9
   Paul W. Hughes (admitted *pro hac vice*)
10 phughes@mwe.com
   Andrew A. Lyons-Berg (admitted *pro hac vice*)
11 alyonsberg@mwe.com
   500 North Capitol Street, NW
12 Washington, DC 20001-1531
   Telephone: (202) 756-8981
13 Facsimile: (202) 591-2784

14              **UNITED STATES DISTRICT COURT**

15              **CENTRAL DISTRICT OF CALIFORNIA**

16                    **WESTERN DIVISION**

| | |
|---|---|
| JOHNNY JOHNSON, EZRA BOEKWEG, MARIO PALOMBINI, and ADAM TITCHER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>YUGA LABS, INC., et al.,<br><br>Defendants. | Case No. 2:22-cv-08909-FMO-PLA<br><br>**[PROPOSED] ORDER GRANTING SOTHEBY HOLDINGS INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>DATE: October 19, 2023<br>TIME: 10:00 a.m.<br>CTRM: 6D<br><br>Judge: Hon. Fernando M. Olguin<br>Complaint Filed: December 8, 2022 |

# [PROPOSED] ORDER

**THIS MATTER** having been brought before the Court by Defendant Sotheby's Holdings Inc. ("Sotheby's"), by and through its attorneys, for an Order granting Sotheby's Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) and the Private Securities Litigation Reform Act; and the Court having considered the moving papers, any papers filed in opposition thereto, and any oral argument and good cause having been shown;

**IT IS HEREBY ORDERED THAT**:

1. Sotheby's Request for Judicial Notice is **GRANTED** because the relevant materials are matters of which the Court can appropriately take judicial notice and/or are incorporated by Plaintiffs into the FAC. *See*, *e.g.*, *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of company's "reported stock price history … was proper"); *Paypolitan OU v. Marchesoni*, 2022 WL 17541091, at *2 (S.D.N.Y. Aug. 26, 2022) ("The Court takes judicial notice of the historical financial data for the value of ETH cryptocurrency submitted by Defendants."), *report and recommendation adopted*, 2022 WL 17541749 (S.D.N.Y. Dec. 6, 2022); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002, 1004-06 (9th Cir. 2018) (a document is properly incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

2. Sotheby's Motion to Dismiss Plaintiffs' First Amended Complaint is **GRANTED** in its entirety. Specifically, the Court ORDERS that all of Plaintiffs' claims against Sotheby's are dismissed with prejudice for the following reasons:

    a. **Counts 1-3 (California UCL):** Plaintiffs lack standing against

Sotheby's because no named Plaintiff made any relevant purchases during the time Plaintiffs claim Sotheby's employee's statement affected prices (*see, e.g., Lewis v. Casey*, 518 U.S. 343, 357 (1996); *Fenerjian v. Nongshim Co.*, 72 F. Supp. 3d 1058, 1082 (N.D. Cal. 2014) ("[A]t least one named plaintiff must have standing with respect to each claim the class representatives seek to bring.")); the UCL does not apply to securities (*see, e.g., Bowen v. Ziasun Techs., Inc.*, 116 Cal. App. 4th 777, 786 (2004) ("[S]ection 17200 does not apply to securities transactions.")), and Plaintiffs fail to allege elements under the UCL, including actual reliance (*see, e.g., Bronson v. Johnson & Johnson, Inc.*, 2013 WL 1629191, at *2 (N.D. Cal. Apr. 16, 2013) ("In order to have standing to bring a UCL . . . claim, Plaintiffs must plead that they relied on the misleading materials.") (collecting cases)), loss causation (*see Chu v. Fay Serv., LLC*, 2016 WL 5846990, at *6 (N.D. Cal. Oct. 6, 2016) ("Plaintiff's UCL case must be dismissed for failure to plead harm resulting from the challenged actions in this case.")), and unlawful, unfair, or fraudulent acts by Sotheby's (*Aleksick v. 7–Eleven, Inc.*, 140 Cal.Rptr.3d 796, 801 (2012); *In re Apple Processor Litig.*, 2022 WL 2064975, at *12 (N.D. Cal. June 8, 2022)).

b. **Count 4 (federal unregistered securities):** The claim is time-barred because the statute of limitations expired on September 9, 2022—nine months before Plaintiffs filed the FAC, naming Sotheby's for the first time (*Arts Filmed Entm't Ltd. v. Content Media Corp.*, 733 F.3d 1251, 1254 (9th Cir. 2013) ("A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss.")); Sotheby's is not a statutory seller (*Pinter*

*v. Dahl*, 486 U.S. 622, 642 (1988)); and Plaintiffs fail to allege a domestic transaction (*Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 273 (2010)).

    c. **Count 6 (California unregistered securities):** The sole California resident of the named Plaintiffs lacks standing against Sotheby's because he does not allege that he purchased any digital assets from Sotheby's (*Bowden v. Robinson*, 67 Cal. App. 3d 705 (1977) ("[S]ection 25503, by the words 'any person acquiring from him' has required privity, with some exceptions, as a condition of recovery."); *Zakinov v. Ripple Labs, Inc.*, 2020 WL 922815, at *15 (N.D. Cal. Feb. 26, 2020) ("Based on *Bowden*, the court concludes that plaintiff must allege privity to state a claim under § 25503.")); the claim is time-barred because the statute of limitations expired on September 9, 2022—nine months before Plaintiffs filed the FAC, naming Sotheby's for the first time (*Arts Filmed Entm't*, 733 F.3d at 1254 ("A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss.")); Plaintiffs fail to allege transactional privity (*Zakinov*, 2020 WL 922815, at *15).

    d. **Count 7-8 (federal securities fraud):** Plaintiffs lack standing against Sotheby's because no named Plaintiff made any relevant purchases during the time Plaintiffs claim Sotheby's employee's statement affected prices (*see, e.g.*, *Lewis*, 518 U.S. at 357; *Fenerjian*, 72 F. Supp. 3d at 1082 ("[A]t least one named plaintiff must have standing with respect to each claim the class representatives seek to bring.")); Plaintiffs fail to plead materiality or loss causation because the price of the relevant Products did not

drop upon disclosure of the supposed misrepresentation (*Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1197-1198 (9th Cir. 2021); *In re Cooper Sec. Litig.*, 691 F. Supp. 2d 1105, 1115 (C.D. Cal. 2010) ("If the disclosure of certain information has no effect on stock prices, it follows that the information disclosed was immaterial as a matter of law.")); Plaintiffs fail to plead a strong inference of scienter as required by the PSLRA (*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007)); Plaintiffs' scheme-liability claim is not pleaded with particularity and is duplicative of their misrepresentation claim (*Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 902 (N.D. Cal. 2022) (dismissing scheme-liability claim where the "alleged scheme consists entirely of (and fails for the same reasons as) the [affirmative] misstatements analyzed above"); and Plaintiffs fail to allege a domestic transaction (*Morrison*, 561 U.S. at 273).

e. **Count 10 (California securities fraud):** Plaintiffs lack standing against Sotheby's because no named Plaintiff made any relevant purchases during the time Plaintiffs claim Sotheby's employee's statement affected prices (*see, e.g., Lewis*, 518 U.S. at 357; *Fenerjian*, 72 F. Supp. 3d at 1082 ("[A]t least one named plaintiff must have standing with respect to each claim the class representatives seek to bring.")); privity is lacking because the sole California resident of the named Plaintiffs does not allege that he purchased any Products from Sotheby's (Cal. Corp. Code § 25501 (imposing liability on a defendant "to the person who purchases a security from" that defendant); *Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC*, 158 Cal. App. 4th 226, 253 (2007) ("Section 25501

on its face requires privity between the plaintiff and the defendant.")); materiality is lacking because the price of BAYC NFTs did not drop when the truth about the auction buyer became known (*OCG Energy, LLC v. Shen*, 2023 WL 4681640, at *9 (C.D. Cal. June 7, 2023) ("A primary violation under Sections 25401 and 25501 requires … a material misrepresentation or omission.")).

    f. **Count 11 (California active trading):** The sole California resident of the named Plaintiffs lacks standing against Sotheby's because the prices at which he purchased the NFTs cannot have been "affected by" any supposed manipulation by Sotheby's in connection with the auction (Cal. Corp. Code § 25500; *see, e.g.*, *Plumber & Steamfitters Local 773 Pension Fund v. Danske Bank A/S*, 11 F.4th 90, 104 (2d Cir. 2021)); and Plaintiffs fail to plead active trading in any event (Cal. Corp. Code. § 25400(b)).

    g. **Count 13 (Unjust enrichment):** Plaintiffs lack standing against Sotheby's because no named Plaintiff made any relevant purchases during the time Plaintiffs claim Sotheby's employee's statement affected prices (*see*, *e.g.*, *Lewis*, 518 U.S. at 357; *Fenerjian*, 72 F. Supp. 3d at 1082 ("[A]t least one named plaintiff must have standing with respect to each claim the class representatives seek to bring.")); unjust enrichment is not an independent cause of action (*Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)); and Plaintiffs allege no unjust retention of a benefit, to the extent this Count could be construed as a quasi-contract claim (*id.*).

    h. In the alternative, having dismissed the federal claims against Sotheby's, the Court declines pendent personal jurisdiction with respect to the remaining state-law claims. (*See Goldberg v. Rome*

[PROPOSED] ORDER GRANTING SOTHEBY'S MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT     CASE NO. 2:22-CV-08909-FMO-PLA

*McGuigan, P.C.*, 2021 WL 3520725, at *3 (C.D. Cal. Apr. 23, 2021) (declining pendent jurisdiction over state claims after dismissing federal securities claims on the merits)). There is no independent basis for personal jurisdiction over Sotheby's: Sotheby's is not subject to general jurisdiction in California, and Plaintiffs allege no acts by Sotheby's directed at California for purposes of specific jurisdiction. (*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924-925 (2011)).

Dated:_____

                                                Hon. Fernando M. Olguin
                                                United States District Court for the Central District of California