LATHAM & WATKINS LLP
Perry J. Viscounty (Bar No. 132143)
 perry.viscounty@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: +1.714.540.1235

Colleen C. Smith (Bar No. 231216)
 colleen.smith@lw.com
12670 High Bluff Drive
San Diego, CA 92130-3086
Telephone: +1.858.523.5400

Douglas K. Yatter (Bar No. 236089)
 douglas.yatter@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

*Attorneys for Defendants MoonPay USA LLC, and Ivan Soto-Wright*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY JOHNSON, EZRA BOEKWEG, MARIO PALOMBINI, and ADAM TITCHER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>YUGA LABS, INC.<br><br>Defendants. | Case No. 2:22-cv-08909 FMO (PLAx)<br><br>**REQUEST FOR INCORPORATION BY REFERENCE OR JUDICIAL NOTICE IN SUPPORT OF MOONPAY DEFENDANTS' MOTION TO DISMISS**<br><br>Date:  November 30, 2023<br>Time:  10:00 a.m.<br>Courtroom: 6D<br>Judge:  Hon. Fernando M. Olguin<br><br>Complaint Filed:  December 8, 2022 |

Defendants MoonPay USA LLC ("MoonPay") and Ivan Soto-Wright ("Soto-Wright") (collectively, the "MoonPay Defendants") respectfully request that the Court find that **Exhibit 1**, an online news article *Purchases at Bored Ape Yacht Club Fall by 90% to 16-Month Low,* published on October 8, 2022 by Herman Hays in BITKAN, attached to the Declaration of Colleen C. Smith ("Smith Decl."), is incorporated by reference into Plaintiffs' Amended Class Action Complaint (ECF No. 114) ("AC" or "Complaint"), or subject to judicial notice.

## I.   LEGAL STANDARD

When resolving a motion to dismiss for failure to state a claim, a court should "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts.*, 551 U.S. 308, 322 (2007) (citation omitted); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *see also, e.g.*, *Riva v. Pepsico, Inc.*, 82 F. Supp. 3d 1045, 1050 n.1 (N.D. Cal. 2015) ("[A] plaintiff who bases his claims on the contents of particular documents can 'hardly complain' when a defendant refers to the same information in its defense.") (quoting *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012)).

Although the Ninth Circuit has cautioned against excessive use of the incorporation-by-reference and judicial notice doctrines, the court also noted that limited use under appropriate circumstances remains warranted. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (judicial notice and incorporation by reference have "roles to play at the pleading stage").

## II.   ARGUMENT

### A.   Exhibit 1 Is Incorporated by Reference

Incorporation by reference is a judicial doctrine that "treats certain documents as though they are part of the complaint itself" and is "designed to

prevent artful pleading by plaintiffs." *Khoja*, 899 F.3d at 1002-03. A document may be deemed incorporated by reference if "the document forms the basis of the plaintiff's claim." *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). The doctrine also encompasses pleadings where a claim "depends on the contents of a document," but "does not explicitly allege the contents of that document in the complaint" or physically attach those items to the complaint. *Knieval v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Plaintiffs rely on **Exhibit 1** to establish loss causation by alleging that the Products suffered diminution in value after "celebrity endorsements had dried up." AC ¶¶ 389, 618 n.343. Courts routinely deem documents comprising an alleged corrective disclosure incorporated by reference. *See Khoja*, 899 F.3d at 1005 (incorporating by reference document plaintiff alleged caused stock price drop).

### B. In the Alternative, Exhibit 1 Is Also Subject to Judicial Notice

Alternatively, it would be appropriate for the Court to take judicial notice of **Exhibit 1**. *See Golub v. Gigamon Inc.*, 2019 WL 4168948, at *6 (N.D. Cal. Sept. 3, 2019) ("Documents alleged in a complaint and essential to a plaintiff's allegations may be judicially noticed pursuant to Federal Rule of Evidence 201.") (citation omitted), *aff'd*, 994 F.3d 1102 (9th Cir. 2021), *suppl. aff'g op. on other grounds*, 847 F. App'x 368 (9th Cir. 2021). Under Federal Rule of Evidence 201, a court may take judicial notice of a fact not subject to reasonable dispute because it can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). This includes matters of public record, including of public sources in the public realm. *See Hefler v. Wells Fargo & Co.*, 2018 WL 1070116, at *3 (N.D. Cal. Feb. 27, 2018) (granting judicial notice of publicly available news articles); *see also In re L & L Energy, Inc. Sec. Litig.*, 908 F. Supp. 2d 1147, 1152 n.4 (W.D. Wash. 2012) (taking judicial notice of report "to determine the extent of the corrective disclosure to the market").

### III. CONCLUSION

Defendants accordingly request that the Court deem **Exhibit 1** incorporated by reference or subject to judicial notice.

Dated: September 12, 2023

Respectfully submitted,

LATHAM & WATKINS LLP

By /s/ Colleen C. Smith
　　Colleen C. Smith

*Attorneys for Defendants MoonPay USA LLC, and Ivan Soto-Wright*