UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8909 FMO (PLAx) | Date | October 10, 2023 |
|---|---|---|---|
| Title | Adonis Real, et al. v. Yuga Labs, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:**     (In Chambers) Order Re: Further Proceedings

Having reviewed and considered the parties' Joint Stipulation [] to Set Schedule for Amended Complaint and Responses Thereto (Dkt. 177, "Stipulation"), IT IS ORDERED THAT:

1. The Stipulation **(Document No. 177)** is **granted in part** and **denied in part** as set forth in this Order.

2. No later than **October 17, 2023**, plaintiffs shall file a Second Amended Complaint.

3. Defendants shall file an answer or motion pursuant to Federal Rule of Civil Procedure 12 ("Rule 12") no later than **November 30, 2023**, and notice it for hearing on **February 15, 2024**, at **10:00 a.m.**

4. In the event that defendants decide to file a Rule 12 motion, defendants Yuga Labs, Inc., Wylie Aronow, Greg Solano, Kerem Atalay, Zeshan Ali, Nicole Muniz, Jasmin Shoemaker, Patrick Ehrlund, Christopher Lyons, and Guy Oseary (collectively, the "Yuga Defendants") are permitted to file a consolidated opening brief of up to 14,000 words in support of their motion and may incorporate arguments raised in the briefing of MoonPay USA LLC and Ivan Soto-Wright (collectively, the "MoonPay Defendants"), Alexis Ohanian, Amy Wu, Maaria Bajwa, Mike Winkelmann, Madonna Louise Ciccone, Paris Hilton, James Fallon, Electric Hot Dog, Inc., Universal Television, LLC, Justin Bieber, Wardell Stephen Curry II, adidas America Inc., adidas Ventures B.V., and Sotheby's Holdings Inc.  Incorporated arguments will be considered only if the party specifically references by page and line number the arguments it seeks to incorporate.  The MoonPay Defendants, Alexis Ohanian, Amy Wu, Maaria Bajwa, Mike Winkelmann, Madonna Louise Ciccone, Paris Hilton, James Fallon, Electric Hot Dog, Inc., Universal Television, LLC, Justin Bieber, Wardell Stephen Curry II, adidas America Inc., adidas Ventures B.V., and Sotheby's Holdings Inc. may join in the Yuga Defendants' brief and/or file their own individual or joint briefs addressing defendant-specific issues.  Any such brief limited to 4,500 words.

5. In the event that defendants decide to file a Rule 12 motion, plaintiffs shall file their opposition or oppositions no later than **January 5, 2024**.  Any reply briefs shall be no later than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 22-8909 FMO (PLAx)** | Date | **October 10, 2023** |
|---|---|---|---|
| Title | **Adonis Real, et al. v. Yuga Labs, Inc., et al.** | | |

**January 19, 2024**.

      6.  The second amended complaint must be labeled "Second Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 22-8909 FMO (PLAx).  In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make their Second Amended Complaint complete.  Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading.  This is because, as a general rule, an amended pleading supersedes the original pleading.  See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.  In other words, the original pleading no longer performs any function[.]") (citations and internal quotation marks omitted).

      7.  Plaintiffs are cautioned that failure to timely file a Second Amended Complaint shall result in this action being dismissed without prejudice for failure to prosecute and failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (affirming dismissal for failure to file amended complaint as ordered by district court).

      8.  The pending motions to dismiss **(Document Nos. 153, 154, 155, 156, 157, 159, 160 161, and 162)** and Request for Incorporation [] **(Document No. 163)** are **denied as moot**.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |