PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone:   (213) 687-5000
Facsimile:    (213) 687-5600

ALEXANDER C. DRYLEWSKI (admitted *pro hac vice*)
alexander.drylewski@skadden.com
SHAUD G. TAVAKOLI (*pro hac vice* application forthcoming)
shaud.tavakoli@skadden.com
KYLE J. SCHWARTZ (admitted *pro hac vice*)
kyle.schwartz@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone:   (212) 735-3000
Facsimile:    (212) 735-2000

*Attorneys for Defendants*
YUGA LABS, INC., WYLIE ARONOW, GREG SOLANO,
KEREM ATALAY, ZESHAN ALI, NICOLE MUNIZ,
JASMIN SHOEMAKER, PATRICK EHRLUND,
CHRISTOPHER LYONS and GUY OSEARY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JOHNNY JOHNSON, EZRA BOEKWEG, MARIO PALOMBINI, ADAM TITCHER, JONATHAN SMITH, NEAL PATEL, HIREN PATEL, and DAVID GRAND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>YUGA LABS, INC. et al.,<br><br>Defendants. | CASE NO.: 2:22-cv-08909-FMO-PLA<br><br>**(1) REQUEST FOR INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>**(2) DECLARATION OF PETER B. MORRISON; and**<br><br>**(3) [PROPOSED] ORDER (lodged under separate cover).**<br><br>Date: February 15, 2024<br>Time: 10:00 a.m.<br>Courtroom: 6D<br>Judge: Hon. Fernando M. Olguin<br>Complaint Filed: December 8, 2022 |

REQUEST FOR INCORPORATION BY REFERENCE    CASE NO.: 2:22-cv-08909-FMO-PLA

**TO PLAINTIFF AND THEIR ATTORNEYS OF RECORD:**

Defendants Yuga Labs, Inc., Wylie Aronow, Greg Solano, Kerem Atalay, Zeshan Ali, Nicole Muniz, Jasmin Shoemaker, Patrick Ehrlund, Christopher Lyons, and Guy Oseary (collectively, "Defendants") hereby respectfully request that the Court consider the following documents, Exhibit 1, Exhibit 2, and Exhibit 3, attached to the Declaration of Peter B. Morrison ("Morrison Declaration"), because they are incorporated by reference in the Second Amended Complaint (the "SAC," ECF No. 179).

Exhibit 1: A true and correct copy of the "Bored Ape Yacht Club Terms and Conditions" page of the publicly available Bored Ape Yacht Club website, https://boredapeyachtclub.com/#/terms, which is cited in the SAC. (*See* SAC ¶ 70 n.15.)

Exhibit 2: A true and correct copy of the "What fees do I pay on OpenSea?" page of the Help Center on the publicly available OpenSea website, https://support.opensea.io/hc/en-us/articles/14068991090067-What-fees-do-I-pay-on-OpenSea, which is cited in the SAC. (*See* SAC ¶ 601 n.453.)

Exhibit 3: A true and correct copy of the "About ApeCoin: ApeCoin Protocol" page of the publicly available ApeCoin website, www.apecoin.com/about, which is cited in the SAC. (*See* SAC ¶ 389 n.343.)

DATED: November 30, 2023

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

*/s/ Peter B. Morrison*
PETER B. MORRISON
Attorneys for Defendants
YUGA LABS, INC., WYLIE ARONOW, GREG SOLANO, KEREM ATALAY, ZESHAN ALI, NICOLE MUNIZ, JASMIN SHOEMAKER, PATRICK EHRLUND, CHRISTOPHER LYONS and GUY OSEARY

# ARGUMENT

In deciding a motion to dismiss, courts "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009).[1]

Here, the Court should consider Exhibits 1-3 attached to the Morrison Declaration because they are documents that Plaintiffs rely on and incorporate by reference in the SAC. Moreover, the authenticity of these documents is not reasonably in dispute as plaintiffs cite directly to the webpages from which these exhibits were sourced. (*See* SAC ¶ 70 n.15; *id.* ¶ 389 n.343; *id.* ¶ 601 n.453.)

"Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims." *Mendoza v. HF Foods Grp. Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (finding that on a motion to dismiss, a court may "take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading"). The court takes notice of the whole document as to not allow plaintiffs to "surviv[e] a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP Inc.*, 146 F.3d 699, 706 (9th Cir.1998) *superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Peel v. Brooks America Mortgage Corp.*, 788 F. Supp. 2d

---

[1] Unless otherwise specified, all emphases are added and internal citations, quotations and alterations are omitted.

1149, 1158 (C.D. Cal. 2011); *accord Knievel*, 393 F.3d at 1068 (incorporating entire photospread when plaintiff took one picture out of context).

The Ninth Circuit does not require that a document be both extensively referenced *and* central to a claim. A document may be incorporated by reference if it meets one of these two requirements. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (noting that a court may incorporate by reference documents if a complaint "refer[ed] extensively to the document *or* the document forms the basis of the plaintiff's claim) (emphasis added); *Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1127 n.7 (9th Cir. 2015) (incorporating a document not central to a claim but that was referenced repeatedly); *Stillwater Ltd. v. Basilotta*, 2017 WL 2906056, at *2 (C.D. Cal. Mar. 17, 2017) (Olguin, J.) (incorporating by reference the underlying contract in dispute). Indeed, courts may incorporate documents or portions of documents not referenced at all in the complaint so long as "the claim necessarily depended" on these documents or they provide crucial context for the claim. *See Knievel*, 393 F.3d at 1068 (incorporating unreferenced photographs surrounding an alleged defamatory photograph as critical context for a defamation claim). For example, in the securities litigation context, courts have incorporated by reference documents allegedly relied upon by plaintiffs and the market as being central to misrepresentation claims. *See Khoja*, 899 F.3d at 1004 (noting that a blog post quoted once in a complaint "form[ed] the basis of" plaintiff's misrepresentation claim because securities analysts allegedly relied on the blog posts to write reports); *see also Cress v. Nexo Fin. LLC*, 2023 WL 6609352, at *10 n.3 (N.D. Cal. Oct. 10, 2023) (incorporating by reference emails from defendants upon which plaintiffs' misrepresentations claims "necessarily relies.")

"Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768

F.3d 1046, 1058 n.10 (9th Cir. 2014); *Ritchie*, 342 F.3d at 908 ("defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)"); *Mendoza*, 2021 WL 3772850, at *2 (same); *In re Downey Sec. Litig.*, 2009 WL 2767670, at *6 n.4 (C.D. Cal. Aug. 21, 2009) (same).

Here, **Exhibit 1**, the "Bored Ape Yacht Club Terms and Conditions" page, is cited in the SAC, and Plaintiffs affirmatively rely on this document to support their allegations. (*See* SAC ¶ 70 n.15.) Plaintiffs rely *solely* on this document to support their allegations that a discord post about commercial rights in individual Bored Ape Yacht Club NFTs was false or misleading to plaintiffs. (*See* SAC ¶¶ 69-70 & n.15; *id.* ¶ 766(h); *see also Khoja*, 899 F.3d at 1004; *Cress*, 2023 WL 6609352, at *10 n.3. Thus, it may be properly considered by the Court in its entirety because it is incorporated by reference in, and integral to the claims alleged in Plaintiffs' SAC. *Mendoza*, 2021 WL 3772850, at *2; *Knievel*, 393 F.3d at 1076.

Likewise, **Exhibit 2**, the "What fees do I pay on OpenSea?" page, is also cited in the SAC, and Plaintiffs affirmatively rely on this document to support their allegations. (*See* SAC ¶ 601 & n.453 ("OpenSea's website describes the mechanics of how purchases are made and how fees are collected and distributed to OpenSea as well as the original creators of the NFT. According to OpenSea's Help Center, and consistent with the experience of Plaintiffs, the buyer is responsible for paying the full item price, a portion of which (2.5%) is received by OpenSea as its fees.").) Plaintiffs rely on this document as their sole method to demonstrate that plaintiffs have standing to bring California state law claims through alleged privity of contract with the Yuga defendants. (*See, e.g.,* SAC ¶¶ 10-13, 15-16, 601-08, 728.) Plaintiffs also refer extensively to the OpenSea "Help Center" in various other allegations. (*See* SAC ¶ 422 n.380-81.) Thus, it may be properly considered by the Court in its entirety because it

is incorporated by reference in, and integral to the claims alleged in Plaintiffs' SAC. *Mendoza*, 2021 WL 3772850, at *2; *Knievel*, 393 F.3d at 1076.

Finally, **Exhibit 3**, the "About ApeCoin: ApeCoin Protocol" page of the publicly available ApeCoin website, is also cited in the SAC, and Plaintiffs affirmatively rely on this document to support their allegations. (*See* SAC ¶ 389 n.343.) Plaintiffs rely on and refer extensively to the ApeCoin website, including the "About ApeCoin: ApeCoin Protocol" page, to describe ApeCoin, its alleged features, and actions taken by the ApeCoin community. (*See id.*; *see also id.* ¶¶ 388 n.342, 404 n.355, 414 n.370, 533 n.417-19, 534 n.420.) Thus, it may be properly considered by the Court in its entirety because it is incorporated by reference in, and integral to the claims alleged in Plaintiffs' SAC. *Mendoza*, 2021 WL 3772850, at *2; *Knievel*, 393 F.3d at 1076.

## CONCLUSION

For the foregoing reasons, Exhibits 1-3 attached to the Morrison Declaration are properly the subject of incorporation by reference and may be considered by this Court in connection with Defendants' Motion to Dismiss the Second Amended Class Action Complaint.

DATED: November 30, 2023

        SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

        By:   */s/ Peter B. Morrison*
              PETER B. MORRISON
              Attorneys for Defendants
        YUGA LABS, INC., WYLIE ARONOW, GREG SOLANO, KEREM ATALAY, ZESHAN ALI, NICOLE MUNIZ, JASMIN SHOEMAKER, PATRICK EHRLUND, CHRISTOPHER LYONS and GUY OSEARY