**MCDERMOTT WILL & EMERY LLP**
TALA JAYADEVAN (SBN 288121)
tjayadevan@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 284-6148
Facsimile: (310) 317-7398

JOSEPH B. EVANS (admitted *pro hac vice*)
jbevans@mwe.com
TODD HARRISON (admitted *pro hac vice*)
tdharrison@mwe.com
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5767
Facsimile: (212) 547-5444

*(Additional counsel listed on signature page)*

Attorneys for Defendant
SOTHEBY'S HOLDINGS INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

JOHNNY JOHNSON, EZRA BOEKWEG, MARIO PALOMBINI, ADAM TITCHER, JONATHAN SMITH, NEAL PATEL, HIREN PATEL, and DAVID GRAND, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

YUGA LABS, INC., et al.,

Defendants.

Case No. 2:22-cv-08909-FMO-PLA

**NOTICE OF JOINDER; NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

Filed concurrently herewith:
[Proposed] Order

DATE: December 12, 2024
TIME: 10 a.m.
CTRM: 6D

Judge: Hon. Fernando M. Olguin
Complaint Filed: December 8, 2022

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 12, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Fernando M. Olguin of the United States District Court for the Central District of California, in Courtroom 6D, and to be noticed in accordance with Judge Olguin's Initial Standing Order, Defendant Sotheby's Holdings Inc. ("Sotheby's"), will and hereby does move the Court for an order dismissing, with prejudice, all claims for relief asserted against it by Plaintiffs in the Second Amended Complaint for Damages (the "SAC") in this matter pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), the Private Securities Litigation Reform Act, and the Court's Order of August 20, 2024 (Dkt. 236), on the grounds that the SAC, and each of the causes of action asserted therein, fails to state a cause of action upon which relief may be granted.

Sotheby's bases its motion on this Notice of Motion and Motion to Dismiss Plaintiffs' SAC (the "Motion"), the accompanying Memorandum of Points and Authorities, all pleadings and papers filed in this action, the oral argument of counsel if ordered by the Court, and any other matters that may come before the Court. This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 24, 2024.

Pursuant to the Court's Order on Stipulation of September 5, 2024 (Dkt. 240), Sotheby's also joins in full the motion to dismiss filed by the Yuga Labs Defendants (Dkt. 243).

## MEMORANDUM OF POINTS AND AUTHORITIES

Sotheby's Holdings Inc. ("Sotheby's") joins in full the concurrently filed motion to dismiss of the Yuga Labs Defendants (Dkt. 243). As the Yuga Labs Defendants explain, none of the six Products at issue in this case are well pleaded either to be securities themselves or to have been sold to Plaintiffs in securities transactions. The federal and state securities laws invoked by Plaintiffs are therefore inapplicable, and all claims must be dismissed. *See* Yuga Labs Mem., Appx. A.

Sotheby's submits this brief additional memorandum to emphasize that the allegations against Sotheby's in particular are limited to only one of the six Products: Bored Ape Yacht Club ("BAYC") non-fungible tokens ("NFTs"). As a result, if the Court concludes that Plaintiffs have failed to plead that BAYC NFTs are securities, it should dismiss all claims against Sotheby's—regardless of what it determines with respect to Plaintiffs' securities allegations regarding any of the other Products.

**1.** As described in Sotheby's previous motion to dismiss the Second Amended Complaint ("SAC"), the core of this case has nothing whatsoever to do with Sotheby's, which does not issue NFTs or other digital assets and is not alleged to have sold Products (or anything else) to Plaintiffs. *See generally* Mem. ISO Mot. to Dismiss SAC (Dkt. 200-1), at 1-2; Reply ISO Mot. to Dismiss SAC (Dkt. 222), at 1. Instead, Plaintiffs have bolted allegations against Sotheby's—a "storied arts dealer" with a "277-year history" (SAC ¶125)—onto an existing complaint alleging completely separate conduct by the issuers of the Products and other related parties.

Plaintiffs' allegations against Sotheby's are limited to the circumstances surrounding an auction of a lot of 101 BAYC NFTs that Sotheby's conducted on September 9, 2021, in which no Plaintiff is alleged to have participated. SAC ¶¶122-155. Plaintiffs make various allegations describing Sotheby's perfectly legitimate promotion of this auction in the normal course of its business as a fine art auction house (*see, e.g.*, SAC ¶¶124-131), but their claims ultimately rest on a single alleged

statement: Plaintiffs assert that, minutes after the auction closed, a Sotheby's employee incorrectly described the winning bidder of the BAYC NFT lot as a "traditional art collector," when the auction allegedly was actually won by "the now-defunct cryptocurrency exchange FTX." SAC ¶147; *see id.* at ¶¶137-139.[1] This alleged statement is alleged to have given a "boost" to "the price of BAYC NFTs" until "news that FTX was the Sotheby's auction's real winning bidder was revealed to the market" "on November 23, 2021." *Id.* ¶146-147, 152.

**2.** As Sotheby's previous motion explains, these allegations fail to state a claim for a whole host of reasons. But for present purposes, the point is that the allegations, and Plaintiffs' theory regarding Sotheby's, are limited to BAYC NFTs and not the other Products. *See, e.g.*, SAC ¶155 (paragraph summarizing the allegations regarding Sotheby's, alleging that "[u]ltimately, the Sotheby's auction was a huge promotion for Yuga and the BAYC NFT collection's legitimacy as an investment"; that "Sotheby's … conspire[ed] … to manipulate the price of the BAYC NFT collection"; and that the auction "successfully induced additional purchases of the BAYC NFT collection").[2]

As a result, if the Court were to find—as it should—that BAYC NFTs are not well pleaded to be securities, all claims against Sotheby's should be dismissed, regardless of the conclusion the Court reaches with respect to any of the other Products. As noted, Plaintiffs' self-professed theory with respect to Sotheby's is that

---

[1] As noted in Sotheby's previous filings, Sotheby's will disprove the allegation about the identity of the winning bidder if the case moves forward, but assumes the truth of the allegation at the motion-to-dismiss stage, as it must.

[2] The complaint contains two allegations that passingly refer to Sotheby's alleged involvement with Bored Ape Kennel Club ("BAKC") NFTs, but those allegations are undeveloped and Plaintiffs do not rely on them. *Compare* SAC ¶¶126 (tweet that mentioned BAKC as well as BAYC), *with id.* ¶123 (characterizing this tweet as "promoting the BAYC NFT collection," with no mention of BAKC); *see also id.* ¶ 143 (mentioning in passing "a similar lot of Yuga's Kennel Club NFTs being auctioned by Sotheby's").

its conduct and promotion of the BAYC auction "successfully induced additional purchases of the BAYC NFT collection" (SAC ¶155)—not other Products. And even if that were not the case, the complaint lacks any well-pleaded allegations suggesting that conduct by a third party like Sotheby's with respect to one Product can plausibly lead to liability for Plaintiffs' purchases of a different Product. *Cf.* Yuga Labs Mem. 8:12-27 (explaining that Plaintiffs' allegations "improperly lump all Products together under one label without factually pleading any meaningful differentiation"). Indeed, Otherdeed and Apecoin did not even *exist* during the time of any alleged actions by Sotheby's surrounding the September 9, 2021, BAYC auction. *See* SAC ¶378 (describing Apecoin launch in "Q1, 2022"), ¶379 n.328 (citing news article reporting that Apecoin was launched on March 16, 2022), ¶252 (reproducing April 30, 2022, tweet about the Otherdeed "mint tonight"), ¶198 (stating that "April 29, 2022" was "right before Otherside NFT minting").[3]

To be clear, Sotheby's entirely agrees with, and fully joins, the Yuga Labs Defendants' position that *no* Products are well pleaded to be securities under federal and state law. But with respect to Sotheby's, the only relevant Product is the BAYC NFT collection.

## CONCLUSION

For the foregoing reasons, and those laid out in the Yuga Labs Defendants' motion to dismiss, the Court should dismiss all claims against Sotheby's with prejudice.

---

[3] "Minting" an NFT is the process of initially creating it. *See, e.g.*, Mintable, *The Non-Fungible Cheat Sheet – NFT words for beginners* (accessed Oct. 2, 2024) ("To mint an NFT simply means to create an NFT by deploying its smart contract to the blockchain."), https://editorial.mintable.com/the-non-fungible-cheat-sheet-nft-words-for-beginners; *accord* SAC ¶66.

Dated: October 3, 2024

**MCDERMOTT WILL & EMERY LLP**

By: */s/ Andrew A. Lyons-Berg*

Tala Jayadevan (SBN 288121)
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 284-6148
Facsimile: (310) 317-7398

Joseph B. Evans (admitted *pro hac vice*)
jbevans@mwe.com
Todd Harrison (admitted *pro hac vice*)
tdharrison@mwe.com
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5767
Facsimile: (212) 547-5444

Paul W. Hughes (admitted *pro hac vice*)
phughes@mwe.com
Andrew A. Lyons-Berg (admitted *pro hac vice*)
alyonsberg@mwe.com
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone: (202) 756-8981
Facsimile: (202) 591-2784

*Attorneys for Defendant Sotheby's Holdings Inc.*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Sotheby's Holdings Inc., certifies that the foregoing Memorandum of Points and Authorities contains 967 words, which complies with the word limit of L.R. 11-6.1 and this Court's orders.

Dated: October 3, 2024

By: */s/ Andrew A. Lyons-Berg*
Andrew A. Lyons-Berg