**MCDERMOTT WILL & EMERY LLP**
TALA JAYADEVAN (SBN 288121)
tjayadevan@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 284-6148
Facsimile: (310) 317-7398

JOSEPH B. EVANS (admitted *pro hac vice*)
jbevans@mwe.com
TODD HARRISON (admitted *pro hac vice*)
tdharrison@mwe.com
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5767
Facsimile: (212) 547-5444

*(Additional counsel listed on signature page)*

Attorneys for Defendant
SOTHEBY'S HOLDINGS INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JOHNNY JOHNSON, EZRA BOEKWEG, MARIO PALOMBINI, ADAM TITCHER, JONATHAN SMITH, NEAL PATEL, HIREN PATEL, and DAVID GRAND, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>YUGA LABS, INC., et al.,<br><br>　　　　Defendants. | Case No. 2:22-cv-08909-FMO-PLA<br><br>**NOTICE OF JOINDER; REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>DATE: January 30, 2025<br>TIME: 10 a.m.<br>CTRM: 6D<br><br>Judge: Hon. Fernando M. Olguin<br>Complaint Filed: December 8, 2022 |

Sotheby's Holdings Inc. ("Sotheby's") joins in full the reply brief concurrently filed by the Yuga Labs Defendants (Dkt. 261). As that brief ably explains, Plaintiffs fail to adequately plead the existence of securities transactions under either *Forman* or *Howey*, and their invocation of cases involving different digital products with different features and different promotional tactics cannot fill that gap. *Id.*

In addition to joining the Yuga Labs Defendants' opening motion, Sotheby's made its own filing to emphasize that the allegations against it are limited to Bored Ape Yacht Club ("BAYC") non-fungible tokens ("NFTs"), to the exclusion of the other five Products. *See* Dkt. 251. Thus, if the Court holds that BAYC NFTs are not well-pleaded to be securities, it must dismiss Sotheby's—regardless of the conclusion it reaches as to any other Product.

In their Supplemental Memorandum, Plaintiffs do not contest—and therefore concede—this point as to four Products: Mutant Ape Yacht Club NFTs, Apecoin, Otherdeed, and Meebits.[1] *See, e.g.*, *Inhale, Inc. v. Gravitron, LLC*, 2018 WL 5880192, at *3 (C.D. Cal. 2018). As to the final Product—Bored Ape Kennel Club ("BAKC") NFTs—Plaintiffs now insist that "Sotheby's promot[ed] the Kennel Club NFTs" with a promise of profit. Pl. Suppl. Mem. 20-21 (citing SAC ¶¶124-126, 143). But as we already explained (Dkt. 251 at 4 n.2), the complaint only ever mentions BAKC in passing, in describing alleged publicity for Sotheby's auction of *BAYC* NFTs.

Specifically, the complaint references tweets by Sotheby's employees that allegedly included visuals depicting a "golden Kennel Club dog"—but Plaintiffs themselves characterize these tweets as "advertis[ing]" and "promot[ing]" the "*BAYC* auction." SAC ¶¶124-125 (emphasis added). A tweet that "promoted the sale of *BAYC* NFTs" is also alleged to have stated that "Bored Ape Yacht Club and Bored

---

[1] As Sotheby's explained, Otherdeed and Apecoin did not even exist at the time Sotheby's is alleged to have acted. *See* Dkt. 251 at 5 & n.3.

1  Ape Kennel Club have paved the way for what NFT art communities can be." *Id*.
2  ¶126 (emphasis added). Again, any reference to BAKC is merely incidental to the
3  complaint's focus on the BAYC auction. *See, e.g.*, *id.* ¶122. The only other allegation
4  connecting Sotheby's with BAKC NFTs describes a single statement purportedly
5  made by a Sotheby's employee following the BAYC auction, which attributed the
6  higher sale price of the BAYC NFT collection compared to "a similar lot of [BAKC
7  NFTs] being auctioned by Sotheby's" to the "older vintage" of BAYC NFTs. *Id*.
8  ¶143. Again, that is not promotion at all, much less of BAKC.

In sum, Plaintiffs' "brief in opposition cannot amend [their] complaint" to "incorporate" a new "theory" against Sotheby's. *Rodriguez v. Profit Sharing Plan II Admin Comm.*, 2024 WL 3447521, at *6 n.5 (S.D. Cal. 2024). On the face of the SAC, Sotheby's alleged conduct is directed only toward BAYC; as a result, if BAYC NFTs are not well pleaded to be securities, Sotheby's must be dismissed.

## CONCLUSION

The Court should dismiss all claims against Sotheby's with prejudice.

| | | |
|---|---|---|
| 1 | Dated: November 25, 2024 | **MCDERMOTT WILL & EMERY LLP** |
| 2 | | |
| 3 | | By: */s/ Andrew A. Lyons-Berg* |
| 4 | | Tala Jayadevan (SBN 288121) |
| 5 | | 2049 Century Park East, Suite 3200<br>Los Angeles, CA 90067-3206 |
| 6 | | Telephone: (310) 284-6148<br>Facsimile: (310) 317-7398 |
| 7 | | Joseph B. Evans (admitted *pro hac vice*) |
| 8 | | jbevans@mwe.com<br>Todd Harrison (admitted *pro hac vice*) |
| 9 | | tdharrison@mwe.com<br>One Vanderbilt Avenue |
| 10 | | New York, NY 10017-3852<br>Telephone: (212) 547-5767 |
| 11 | | Facsimile: (212) 547-5444 |
| 12 | | Paul W. Hughes (admitted *pro hac vice*)<br>phughes@mwe.com |
| 13 | | Andrew A. Lyons-Berg (admitted *pro hac vice*) |
| 14 | | alyonsberg@mwe.com<br>500 North Capitol Street, NW |
| 15 | | Washington, DC 20001-1531<br>Telephone: (202) 756-8981 |
| 16 | | Facsimile: (202) 591-2784 |
| 17 | | *Attorneys for Defendant Sotheby's Holdings Inc.* |

- 4 -

REPLY IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT        CASE NO. 2:22-CV-08909-FMO-PLA

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Sotheby's Holdings Inc., certifies that the foregoing Reply Brief contains 499 words, which complies with the word limit of L.R. 11-6.1 and this Court's orders.

Dated: November 25, 2024         By: */s/ Andrew A. Lyons-Berg*
                                     Andrew A. Lyons-Berg