PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600

ALEXANDER C. DRYLEWSKI (admitted *pro hac vice*)
alexander.drylewski@skadden.com
SHAUD G. TAVAKOLI (admitted *pro hac vice*)
shaud.tavakoli@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000

*Attorneys for Defendants*
YUGA LABS, INC., WYLIE ARONOW, GREG SOLANO,
NICOLE MUNIZ, PATRICK EHRLUND,
CHRISTOPHER LYONS and GUY OSEARY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JOHNNY JOHNSON, EZRA BOEKWEG, MARIO PALOMBINI, ADAM TITCHER, JONATHAN SMITH, NEAL PATEL, HIREN PATEL, and DAVID GRAND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>YUGA LABS, INC. et al.,<br><br>Defendants. | CASE NO.: 2:22-cv-08909-FMO-BFM<br><br>**DECLARATION OF ALEXANDER C. DRYLEWSKI PURSUANT TO LOCAL RULE 7-3 IN SUPPORT OF YUGA LABS DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**<br><br>Date: December 4, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6D<br>Judge: Hon. Fernando M. Olguin<br><br>Complaint Filed: December 8, 2022 |

I, Alexander C. Drylewski, declare and state as follows:

1. I am an attorney admitted to practice before the courts of the State of New York and have been admitted *pro hac vice* to this Court. I am a partner in the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel of record for Defendants Yuga Labs, Inc., Wylie Aronow, Greg Solano, Nicole Muniz, Patrick Ehrlund, Christopher Lyons, and Guy Oseary (the "Yuga Labs Defendants") in the above-captioned matter. I submit this declaration in support of the Yuga Labs Defendants' Motion to Dismiss the Third Amended Class Action Complaint (the "Motion"). I make this declaration based on my own personal knowledge, and if called upon to do so, could and would testify competently thereto.

2. Pursuant to this Court's September 30, 2025 Order (ECF 288), the Motion seeks dismissal with prejudice of the Third Amended Class Action Complaint ("TAC" (ECF 289)).

3. Prior to filing this Motion, pursuant to Local Rule 7-3 and this Court's Order, on October 21, 2025, I participated in a Zoom meeting with plaintiffs' counsel and counsel for all other Defendants to discuss the Motion. The meeting lasted approximately fifteen minutes. On the call were representatives for all parties as follows:

   (a) John Jasnoch from Scott + Scott Attorneys at Law LLP, on behalf of Plaintiffs;

   (b) I was joined by my colleagues, Shaud Tavakoli and Eryn Hughes, on behalf of the Yuga Labs Defendants;

   (c) Jason Strabo and Sarah Hogarth from McDermott Will & Schulte LLP, on behalf of Defendant Wardell Stephen Curry II;

   (d) Samuel Levander from Cleary Gottlieb Steen & Hamilton LLP, on behalf of Defendants MoonPay USA LLC and Ivan Soto-Wright;

  (e) Andrew Lyonsberg and Todd Harrison from McDermott Will & Schulte LLP, on behalf of Defendant Sotheby's Holdings Inc.;

  (f) Adam M. Greene from Davis Polk & Wardwell LLP, on behalf of Defendants Universal Television LLC, James Fallon, and Electric Hot Dog, Inc.;

  (g) Ryan Gorman from Quinn Emanuel Urquhart & Sullivan, LLP, on behalf of Defendant Paris Hilton;

  (h) Maximilian Sladek de la Cal from Cooley LLP, on behalf of Defendants Justin Bieber, Madonna Louise Ciccone, and Mike Winkelmann;

  (i) Jennifer Bretan from Fenwick & West LLP, on behalf of the Alexis Ohanian, Amy Wu, and Maaria Bajwa; and

  (j) Matthew Riccardi from Perkins Coie LLP, on behalf of Defendants adidas America Inc. and adidas Venture B.V.

  4. During the call, I informed Plaintiffs' counsel that the Yuga Labs Defendants intended to move to dismiss on the ground that the TAC does not cure the defects identified by the Court in the Order. Specifically, I informed Plaintiffs' counsel that the Motion would argue that the TAC does not adequately allege that any of the digital asset products at issue are securities under the tests set forth in *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946), and *United Housing Foundation, Inc. v. Forman*, 421 U.S. 837 (1975). I further discussed the Yuga Labs Defendants' position that Plaintiffs have failed to plead, as to any of the products at issue, any investment of money, any horizontal or vertical common enterprise, or any expectation of profits derived from the efforts of others.

  5. Counsel for all the other defendants indicated to Plaintiffs' counsel that they would be joining the Motion on the same bases.

6. Plaintiffs' counsel indicated that Plaintiffs did not agree with the Yuga Labs Defendants' position and would not be withdrawing the TAC or otherwise dismissing the action.

7. In response to my question, Plaintiffs' counsel confirmed that Plaintiffs were no longer pursuing claims regarding Bored Ape Kennel Club ("BAKC") NFTs.

8. In response to questions from Matthew Riccardi of Perkins Coie LLP, Plaintiffs' counsel also confirmed that Plaintiffs were no longer pursuing claims against adidas Venture B.V.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 24, 2025, in New York, New York.

                */s/ Alexander C. Drylewski*
                ALEXANDER C. DRYLEWSKI

DECLARATION OF ALEXANDER C. DRYLEWSKI
PURSUANT TO LOCAL RULE 7-3
IN SUPPORT OF YUGA LABS DEFENDANTS'
MOTION TO DISMISS THE THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO.: 2:22-cv-08909-FMO-BFM